## Spencer *vs.* Tobey.

Where the plaintiff had been in possession of premises for several years, claiming title thereto, and the defendant went into possession under a contract with the plaintiff, by which the defendant agreed to purchase the plaintiff's improvements, and his title to the premises as soon as it should be settled, if it should prove to be good; the title, as stated in the contract, being then in dispute; *Held*, that this was abundant evidence of title in the plaintiff to sustain an action of ejectment, aside from the rights of the defendant under the contract. That the prior possession of the plaintiff was prima facie evidence of his title, and the defendant, by taking possession under him, was precluded from disputing his title, except to show that he, the defendant, was not in default in performing the contract. And this, notwithstanding the recital that the title was in dispute; a better title than the plaintiff's not being recognized.

In an ordinary contract for the sale and purchase of land, which is silent in respect to the possession, a license to the purchaser to enter will not be implied.

Where A. agreed to sell his improvements on a lot to B., for which B. agreed to pay a specified sum at the date of the contract, but it was not stated, and did not appear, in what the improvements consisted, and no explanation was given as to the meaning which the parties attached to the term; and A. further agreed, after stating that the title of the land was in dispute, to sell to A. as soon as the title should be settled, if it proved good, the right of soil; B. agreeing that if A. should procure such title, he would pay a specified sum, on receiving a deed; *Held*, that the contract was, in effect, that B. would pay A. a certain sum for his work and labor on the land, and a further sum for a good title when the dispute in regard to the title should be settled, with no express provision as to the possession. And that there was no implication that B. was to have possession of the premises, previous to a conveyance. That by omitting to insert any stipulation as to the possession, the right to the possession was left in A.

*Held also*, that the fact of A. having given B. the possession, when he was not entitled to it under the contract, did not affect A.'s right to recover the possession; nor could that act, subsequent to the contract, aid in the construction of the contract.

*Held further*, that, assuming that B. was by the contract to have possession, no time being specified for its continuance, if he had made default in performing the contract, his right to possession was thereby terminated.

That in the absence of any proof that the dispute as to the title continued, the undisturbed possession of the premises by B. for six years was *prima facie* proof that the title was settled, and good in A., and, in connection with evidence of the tender of a deed by A. and a refusal to pay, proved a default by B.; it not being incumbent on A. to prove a regular chain of title to the premises from the original source, or that the title had been adjudged valid by a competent tribunal.

Spencer *v.* Tobey.

APPEAL from a judgment entered at a special term, after a trial at the circuit, before the court, without a jury. The action was brought to recover the possession of real estate. The answer of the defendant denied that the plaintiff had lawful title, as the owner in fee simple, to the premises in question. The defendant admitted that he was in possession, but denied that he unlawfully withheld possession from the plaintiff. The defendant further answering alleged, that on or about the 11th day of April, 1846, he, the defendant, entered into possession of said premises with the consent and by the authority and license of the plaintiff, and has continued in possession thereof from that time to the present, by and with the license and consent of the plaintiff; and that the plaintiff had never revoked such consent and license, and had not demanded possession of said premises or any part thereof. That on the 11th day of April, 1846, the plaintiff and defendant entered into an agreement, of which the following is a copy.: "A contract made the 11th day of April, one thousand eight hundred and forty-six, between Smith Spencer of the first part, of the town of Canton, county of Steuben, state of New York, and Amiziah Tobey, of the town of Thompson, Susquehanna county, Penn., as follows, to wit: Smith Spencer of the first part agrees to sell to Amiziah Tobey of the second part, his improvement on lot No. 1, in the Canton and Carrol tract, in the town of Canton, it being 20 acres on the southwest corner of said lot, together with his sap buckets and one store tub, and one hog. And Amiziah Tobey of the second part, agrees to pay Smith Spencer of the first part, seventy dollars for the above improvement and property, to be paid on the date of this contract. The title of said land now being in dispute, the party of the first part further agrees, that as soon as the title is settled, if his title proves good, to sell to Amiziah Tobey of the second part, the right of soil, and to give a good and sufficient deed with covenant of warranty. If he procures such title, the said Amiziah Tobey of the second part, agrees to pay Smith Spencer of the first part, the sum of one hundred and forty dollars, on the

receipt of such deed. We bind ourselves, heirs and assigns and administrators to fulfill the above contract.

SMITH SPENCER,

AMIZIAH TOBEY."

The defendant averred that he paid to Spencer the said sum of seventy dollars, at the date of said contract. That at the time of making such contract, the plaintiff was in possession of said premises, that he thereupon immediately surrendered possession thereof to the defendant, who entered upon the possession thereof with the license and consent of the plaintiff, and has ever since continued in possession of the same with the plaintiff's consent, and that the plaintiff has not demanded possession thereof from the defendant. The defendant further alleged, that he had always been ready and willing to perform such contract on his part, but that the plaintiff had neglected and refused to perform the same. "That the title to said land and premises still remains and now is in dispute and is unsettled, and that the plaintiff's title to said premises has not proved good, and the plaintiff has not at any time since the date of said contract procured a good title in fee simple to said premises, and he has not been able to sell and convey the same to the plaintiff by a good warranty deed."

The issue so joined came on to be tried at a circuit court held in Steuben county in May, 1855, before the Hon. THOMAS A. JOHNSON, one of the justices of this court, without a jury, a jury trial having been waived by consent of parties. The plaintiff read in evidence a warranty deed of the premises in question, from Samuel Pennington, to him, dated July 12, 1841, and acknowledged the same day. This deed was executed by Samuel Boyer, as attorney for the grantor. The plaintiff called as a witness Henry N. Howe, who testified: "I reside in Canton. I have resided there thirty years. I have known Smith Spencer twelve or fifteen years. I heard the description of the premises read from the deed produced in evidence. I know the premises. I know of plaintiff being in possession of premises from five to six years ago. He was in possession three or four years. There was a house and clearing on the

premises, enclosed. He claimed the whole twenty acres at that time, as he said." And being cross-examined, the witness further testified: "The said Amiziah Tobey took possession of the premises afterwards." The plaintiff then rested. The defendant thereupon moved to nonsuit the plaintiff, upon the following grounds: *First.* That the deed introduced by the plaintiff did not confer upon him any title to the premises in question, as it was executed by an agent, and no proof of agency or authority to execute the same was shown. *Second.* Upon the ground that the plaintiff had not shown a chain of title from the state to himself of the premises in question, nor had he shown title thereto in any other manner. *Third.* That an equitable defense was set up by the answer, upon which the plaintiff had not taken issue, and which thus standing admitted, was a bar to the plaintiff's right to recover in this action; which motion was overruled, and the defendant excepted. The defendant then called as a witness Stephen Tobey, and proved by him and read in evidence the contract between the parties, dated April 11th, 1846, which is above set forth. The defendant also proved that he took possession of the premises under such contract, and had ever since continued in possession of said premises and had paid the seventy dollars specified in said contract. The defendant here rested. It was then admitted that just prior to the commencement of this action, the plaintiff and his wife executed a deed of the premises in question to the defendant, containing covenants of seisin, against incumbrances, and warranty, (which deed was duly acknowledged by the grantors, and was produced and read in evidence,) and tendered the same to the defendant which the defendant declined to accept, and declined to pay the sum of one hundred and forty dollars specified in said contract. The evidence here closed, and the defendant requested the court to hold and decide, that it was a condition precedent to the plaintiff's right to recover the possession of said premises that he should establish and prove a chain of title from the state of New York to himself of the premises in question, and that he was the owner of the fee thereof; or that he should establish that the dispute concerning

such title had ceased, and that his title had been established by a judgment or decree of a judicial tribunal of this state, having jurisdiction ; or that he had procured the fee of said premises subsequent to the 11th day of April, 1846: each of which requests were separately denied by the court, and to each of which denials the defendant separately excepted. The court held and decided that it was not necessary, to entitle the plaintiff to recover, that he should prove any title to said premises. That the defendant having derived possession thereof from the plaintiff, was not at liberty to dispute his title, and that the defendant having refused to accept the deed tendered by the plaintiff to him, the plaintiff was entitled to judgment for the recovery of the possession of said premises. To which ruling and decision the plaintiff excepted.

The following opinion was delivered by the judge, at the circuit:

"JOHNSON, J. There is nothing in the evidence to take the case out of the general rule, that one who enters into the possession of premises under a contract to purchase, cannot dispute the title of his vendor until after he has surrendered the possession thus obtained. At the time of this contract the plaintiff was in possession, having a paper title and claiming to be the owner, although it was admitted in the contract that his title was in dispute. The defendant purchased and paid for the improvement upon the land, and it was agreed between the parties, the title being in dispute, that as soon as it was settled, if the plaintiff's title proved good, the plaintiff would sell to the defendant, and the latter purchase, the right of soil, or in other words, the title to the land, for $140, to be paid on the execution and delivery of the plaintiff's warrantee deed. This, it will be perceived, is not an absolute agreement to sell on the one hand, and to purchase on the other, presently, but only when the title should become settled, and in the event of the plaintiff's title proving good. No right of possession is given to the defendant by the terms of the contract, and what is there to show that he has any right to the possession at all, much less for an indefinite period ? Nothing whatever. But conceding

that the defendant's entry at the date of the contract, and his subsequent possession, was lawful, how long could he continue to hold as against the plaintiff? Certainly not forever, by virtue of this agreement. The plaintiff was under no obligation to institute proceedings against any one to settle the title. He had never been disturbed in his possession, nor had the defendant. The latter had held peaceably, for aught that appears under his contract, for a period of nearly five years. The plaintiff then offers to complete the sale, and tenders a warrantee deed and demands payment; but the defendant refuses to accept the deed and pay the stipulated price. Perhaps he was under no obligation to do so, as he had only undertaken to purchase and pay when the title should become settled and proved to be in the plaintiff. But it is clear, I think, that he could not object to take title from the plaintiff, and still retain his right to the possession, as that would give him the advantages of a title without purchase or payment. He had no right to dispute the plaintiff's title, and the moment he undertook to do so, his right to hold possession under the plaintiff was at an end. It is not pretended that the defendant had the title which was supposed to be hostile to the plaintiff's, nor that he represented any one who had it. All his right he derived from the plaintiff, and he must surrender it back before he can be heard to allege that the title of the plaintiff is invalid.

No notice to quit was necessary; the action is well brought, and the plaintiff is entitled to the judgment demanded in his complaint."

From the judgment entered upon this decision the defendant appealed.

*D. W. Gillett*, for the appellant. I. The deed being executed by an agent, and no authority shown, did not establish any title in the plaintiff. Nor did the plaintiff show any title, or attempt to show any, (except such deed and possession, less than 20 years, by him) under it.

II. An equitable and complete defense was set up in the answer, constituting a counter-claim, which, not being replied to, was admitted and established, and was a bar to the plaintiff's right to recover.

III. The contract between the parties established that the title to the premises was not in the plaintiff at the date thereof, and did not vest in him by the deed from Pennington; also, that the plaintiff was in possession, April 11, 1846 ; and that the plaintiff had made clearings and erected buildings thereon, or in the language of the contract, "improvements." Under these circumstances the plaintiff sold to the defendant "his improvements," meaning, as the parties understood and intended to contract, *the possession of the premises,* and the right to occupy without molestation by the plaintiff, until the disputed title *should become a good and settled title.* This is the only construction to be put on the contract; because, if not so, the defendant paid $70 for a shadow, neither getting title nor the right of occupancy : because the parties by their action have so construed their agreement, the plaintiff surrendering possession to the defendant immediately upon the execution of the contract. It then became incumbent upon the plaintiff, before he could divest the defendant of the right to occupy, and make such occupancy unlawful, to show, 1. That his *title* had been adjudged by a competent tribunal to be valid, (he admitting by the contract it was invalid and in dispute ;) or, 2. A chain of title from a grantor shown to have been the owner.

*Geo. T. Spencer,* for the plaintiff. I. The plaintiff proved his prior possession of the premises in question, under a deed with a claim of title to the whole twenty acres described in the deed, of which a part were improved and enclosed. The possession was sufficient evidence of title for the purpose of this action, and authorized a recovery on proof of the defendant's possession, which is admitted in the answer. (*Day* v. *Alverson,* 9 *Wend.* 223. *Jackson* v. *Hazen,* 2 *John.* 22. *Jackson* v. *Harder,* 4 *id.* 202. *Smith* v. *Lorillard,* 10 *id.* 338. *Jackson* v. *Rightmyre,* 16 *id.* 314. *Jackson* v. *Walker,* 7 *Cowen,* 637.)

Spencer *v.* Tobey.            ·

II. The deed from Pennington to the plaintiff was proper and competent evidence for the purpose of showing the character and extent of the plaintiff's possession, even without proof of the authority of the attorney by whom it was executed. But if it was not, there was no objection made to its introduction in evidence, and none can be made on appeal. Besides, the objection is obviated by the contract given in evidence by the defendant. (2 *R. S.* 294. *Jackson* v. *Todd,* 2 *Cai.* 183. *Jackson* v. *Ellis,* 13 *John.* 118. *Jackson* v. *Wheat,* 18 *id.* 40. *Jackson* v. *Newton, Id.* 355.)

III. The contract set up in the answer, and given in evidence on the trial, constitutes no defense to the action ; but, on the contrary, is an admission of the plaintiff's title, and sustains his right to recover. The recital in the contract of the fact that the title is in dispute, and the agreement for payment of the purchase money and a conveyance, if it shall prove good, does not make this case an exception to the rule that a party who has taken possession under a contract of purchase, must surrender possession before he can dispute the title under which he took such possession, no matter how defective the title may be. (*See Jackson* v. *Reynolds,* 1 *Caines,* 444 ; *Jackson* v. *Spear,* 7 *Wend.* 401.)

In the case of *Glen* v. *Gibson,* (9 *Barb.* ·634,) the rule is stated to be, that " when one is put in possession of land by another, the former is not at liberty to controvert the title of the latter until he has restored the possession so received, and placed the other party in as good position as he was before he parted with the possession." The contract given in evidence gives the defendant no possession or right of possession in the premises. The defendant neither claims or proves any title in himself or any third person. The defendant has had undisturbed possession for more than six years, and, so far as appears, the title has not been questioned in all this time. The recovery of possession of the premises does not depend upon the title proving good, whatever may be the case as to the recovery of the purchase money. The defendant cannot keep the land and at the same time withhold the price. If he could,

the defendant has made a cheap purchase, and one never contemplated by the plaintiff. The plaintiff having done all that lay in his power to give the defendant a perfect title, which was refused, he is entitled to the possession of the premises.

IV. The defendant was not entitled to notice to quit. The tender of the deed and demand of payment was sufficient notice. (*Jackson* v. *Moncrief,* 5 *Wend.* 26. *Wright* v. *Moore,* 21 *id.* 230. *Powers* v. *Ingraham,* 3 *Barb.* 576.)

*By the Court,* T. R. STRONG, J. The plaintiff was in possession of the premises several years, claiming title; and the defendant went into possession under a contract between the parties, whereby he agreed to purchase the improvements of the plaintiff, and his title to the premises, as soon as it should be settled, if it should prove to be good, the title as stated in the contract being then in dispute. This was abundant evidence of title in the plaintiff to sustain the action, aside from the rights of the defendant under the contract. The prior possession of the plaintiff was *prima facie* evidence of his title; and the defendant, by taking possession under him, was precluded from disputing his title, except to show that the defendant was not in default in performing the contract. This is so, notwithstanding the recital that the title was in dispute, as a better title than the plaintiff's is not recognized.

We are then to inquire, whether under the contract the defendant is entitled to the possession of the premises. The contract does not in terms give the defendant a right to the possession. If it gives him such a right, the right must be implied. In an ordinary contract for the sale and purchase of land, which is silent in respect to the possession, a license to enter will not be implied. The contract in the present case is peculiar. The plaintiff agrees first to sell his improvements on the lot to the defendant, for which the latter agrees to pay a specified sum at the date of the contract. It is not stated, and does not appear, in what the improvements consist, and no explanation is given as to the meaning which the parties attached to the term. And there is no evidence whatever,

beyond the contract, on the subject of improvements made by the plaintiff. As the court cannot see by the contract, or the evidence, that something else was intended, I think improvements must be construed to mean work and labor generally of the plaintiff enhancing the value of the premises. This view is supported by the construction given to parol contracts for the sale of improvements on land, which are held not to be within the statute of frauds, as they are virtually contracts to pay for work and labor. (*Lower* v. *Winters,* 7 *Cowen,* 263, *and cases cited.*) It is next agreed by the plaintiff, after stating that the title of the land is in dispute, to sell to the defendant, as soon as the title is settled, if it proves good, the right of soil ; and the defendant agrees, if the plaintiff procures such title, to pay a sum named, on receiving a deed. The contract is then, in effect, that the defendant will pay the plaintiff a certain sum for his work and labor on the land, and a further sum for a good title when the dispute in regard to the title is settled, with no express provision as to the possession. I think here is no ground for an implication that the defendant was, before a conveyance, to have possession of the premises. Whether it was wise in the defendant to pay down for the improvements, without securing a right to the possession of the land, or any right to a deed, except on the contingency specified ; or for the plaintiff to sell the improvements at the price agreed on, and give up the possession, without any obligation on the defendant to pay him for the title, except upon that contingency, was for the parties to determine ; and which the court have not the means intelligently to decide. By omitting to insert any stipulation as to the possession, the right to the possession was left with the plaintiff.

The plaintiff having given the defendant the possession, if he was not entitled to it under the contract, does not affect the plaintiff's right to recover. Nor can that act, subsequent to the contract, aid in the construction of the contract.

But assuming that the defendant was by the contract to have possession, no time being specified for its continuance, if the defendant has made default in performing the contract, his

Spencer *v.* Tobey.

right to possession is thereby terminated. The evidence shows that just prior to the commencement of the action the plaintiff made and tendered to the defendant a proper deed of the premises, and demanded payment of the sum to be paid for the title, and the defendant refused to accept the deed and pay the money. It is insisted this evidence does not establish a default of the defendant; and that it was incumbent on the plaintiff, for that purpose, to prove in addition a regular chain of title to the premises from the original source, or that the title has been adjudged valid by a competent tribunal. In this I cannot concur. What the dispute referred to in the contract was—whether or not a suit was pending involving the title— by whom the title was disputed—does not appear; it does appear that the defendant had, at the time of the tender and refusal, been in possession of the premises about six years; there was no proof that he was molested in the possession, or indeed that after the date of the contract any one asserted a right to the land hostile to the title of the plaintiff. In the absence of any proof that the dispute continued, I think the possession of the defendant for such a length of time was *prima facie* proof that the title was settled, and good in the plaintiff; and in connection with the evidence of a tender of the deed and refusal to pay, proved a default by the defendant.

My conclusion therefore is, that the judgment at special term is right, and should be affirmed.

[Monroe General Term, September 1, 1856. *T. R. Strong, Welles* and *Smith*, Justices.]