Gaven *v.* Hagen.

GAVEN *v.* HAGEN *et al.*

In a contract for the sale and purchase of land, which is silent as to the possession, there is no implied license for the purchaser to enter.

Z., the owner of land, contracts in writing to sell it to K., nothing being said as to the possession.  K. is to give three notes, falling due at different periods, for the purchase money.  The first two notes become due at very short dates, and after they are paid, Z. is to make a deed to K., with covenants against his own acts.  First note is paid before the second falls due ; Z. deeds the land to plaintiff, subject to the contract with K., the deed containing covenants of warranty against acts of the grantor.  Later, and on the day the second note is due, K. sells the land to McE., one of the defendants.  K. took possession under the contract.  Shortly after, plaintiff demanded of K. payment of the second note, and tendered him a deed from himself (plaintiff) to K., with the covenants mentioned in Z.'s contract.  K. said he could do nothing.  Plaintiff then formally demanded payment and execution of the mortgage.  K. wished to see his attorney.  After the third note fell due, plaintiff demanded of McE. payment of the two notes ; tendering the deed from Z. to him, (plaintiff) and also a deed from himself to McE., offering also a mortgage to be executed by McE. to secure the third note, and demanding possession.  McE. refused. *Held,* that, under the contract, the purchaser was not entitled to possession at once ; that payment of the first two notes, or tender, was a condition precedent to his right of possession ; that until then, the vendor Z., or his assignee, had the legal title and could maintain ejectment against the vendee.

*Held, further,* that the tenders made by plaintiff were a sufficient assignment to McE. of Z.'s covenants to plaintiff; that when McE. got a deed from plaintiff, and also an assignment of the deed from Z. to plaintiff, he would stand in the same position as if the contract between Z. and K. had been literally performed.

To make a valid tender so as to give the vendee a right of possession, under such contract, the money should be offered to Z., and a deed demanded of him, with an offer to execute the mortgage, if the party was unwilling to take the deed of McE.

APPEAL from the Twelfth District.

The complaint was in the usual form, claiming possession because of title in plaintiff.    The answer denies all the allegations of the complaint;

Gaven *v.* Hagen.

sets up the agreement between Zottman & Kelly, as stated in the opinion of the Court, offers to comply with the agreement; avers that Zottman has put it out of his power to comply with its terms; and that defendants are not bound to accept a deed from plaintiff instead of Zottman. Answer also avers that Kelly took possession of the land under the agreement. Defendants Hagen & Fox were in actual possession as tenants of McEwen. Zottman, at the date of the agreement, owned the land.

On the trial, after plaintiff had proved the facts stated in the opinion, and rested, defendants moved for a nonsuit on the ground—1st. That plaintiff had shown the legal title to be out of plaintiff and in defendants. 2d. That plaintiff had shown a good and equitable defense to the action.

Motion overruled, defendants excepting. After evidence for the defense, the Court charged the jury, that the legal title was in plaintiff, and that he was entitled to recover.

Verdict and judgment accordingly; defendants appeal.

*Campbell & Pratt,* for Appellants.

1. Zottman, who had covenanted to convey to the grantor of defendants, having put it out of his power to perform his agreement, by conveying to plaintiff, had thereby discharged defendants' grantor from all obligation to pay, or tender the remainder of the purchase money; and plaintiff, who received the land from Zottman with knowledge in fact of this covenant, and subject to it, and who also received the notes of defendants' grantor, with like knowledge, can stand in no better position than Zottman. (16 Mass. 165.)

2. The covenants in Zottman's deed to plaintiff, do not run with the land, and do not come to defendants through the deed tendered by plaintiff, and all defendants would have received by accepting such deed, would have been the covenant of plaintiff alone. (Rawle on Covenant for Title, 107, 281, 285, 290, 293, 294; 4 Kent, 472; *Tufts* v. *Adams,* 8 Pick. 547; *Thayer* v. *Chemier,* 22 Id. 494.)

3. Plaintiff shows title in defendants. (*Smith* v. *Brannan et al.* 13 Cal.)

4. Defendants have an equitable defense, and are entitled under it to all the relief which the facts and the parties to this suit are competent to afford.

Zottman not being a party to the suit, defendants cannot pray affirmative relief, but as it is not competent for them in this suit to make

Zottman a party, they cannot, on that account, be deprived of the lesser amount of relief, which can be given in this action. (*Mesick* v. *Sunderland*, 6 Cal. 297 ; Prac. Act., sec. 46; 2 Ker. 266; *Covey* v. *Goodman*; Prac. Act, secs. 144, 165, 199 : 1 Cal. 134; *Belt* v. *Davis*, 10 Id. 60; 10 Pet. 11.)

5. As to defendant McEwen, there is no evidence that he was in possession.

*Delos Lake*, for Respondent.

1. The instrument executed between Zottman & Kelly did not operate as a conveyance, but only as a contract to convey.

2. Under such contract, Kelly was not entitled to possession. (*Spencer* v. *Toby*, 22 Barb. 260.)

3. There is neither a legal nor equitable defense to this action ; nor are the defendants entitled to any affirmative relief.

4. Whether the covenants between Zottman & Kelly run with the land is not material. The tender of the deed by Gaven was virtually an offer to assign the covenants which was all he had a right to.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Ejectment for a lot in San Francisco. The case rests upon these facts : One Zottman, on the thirteenth of July, 1858, was the owner of this lot, and then entered into a written contract with Kelly for the sale of it. The instrument recites the terms of the agreement, which were, that Kelly was to pay $3,372 50, as follows : $872 50 on or before fifteenth August, with interest, etc.; $1,250 on the fifteenth November, 1858, with interest, etc.; and the remainder ($1,250) to be paid on or before March 1st, 1859, with interest, etc., notes to be given for these sums. It was agreed that on payment of these two first notes, then Zottman was to execute to Kelly a good and sufficient deed, with covenants against his own acts, and whereupon Kelly was to execute a mortgage on the premises for the security of the last note. Nothing was said in the deed about the possession. The first note was paid. Before the second note fell due, Zottman made a deed of the premises to plaintiff, subject to the written contract with Kelly ; and this deed contained a covenant of warranty against the acts of the grantor. On the fifteenth of November, 1858, Kelly sold to McEwen, one of the defendants. Possession seems to have been taken under this contract.

It was proved that plaintiff, shortly after the fifteenth of November, 1858, saw Kelly and demanded payment of the second note, and tendered him a deed from himself (plaintiff) to Kelly, with the covenants mentioned in Zottman's agreement. Kelly replied that he could not do anything. Plaintiff then made a formal demand for payment and execution of the mortgage. On the twenty-fourth of March, 1859, plaintiff demanded payment of the two notes then due, of McEwen, the assignee of Kelly, and tendered him the deed from Zottman to plaintiff, and tendered a deed from himself to McEwen, and demanded payment of the second note, and offered him a mortgage to be executed by him (McEwen) to secure the payment of the third note. Plaintiff also offered McEwen a tax deed. Plaintiff demanded possession from McEwen; all these demands were refused.

It has been seen that the *legal title* to this lot was in Zottman, and by him assigned to the plaintiff. It is true, an equity existed by virtue of the agreement and a compliance with its terms. But it is not so clear that this agreement gave, or was understood to give, a right of possession to Kelly, until a compliance by him with its terms—by the payment of the two first notes. The face of the paper would seem to indicate the contrary. The first two notes were to be paid at short time, and *after the payment of the first and second,* the agreement stipulates for the execution of a deed by Zottman, and of a mortgage by Kelly. If it were understood that Kelly was to take possession immediately, why was not a mortgage taken at the time for the payment of the whole purchase money? Besides that there is no implication of a license to enter from the mere fact of an executory agreement of this sort, the particular facts of this case oppose the idea that the vendee was to have the consideration, or any part of the consideration, for which he bargained, until he complied with the terms of the bargain on his part. (See 22 Barb. 260, *Spencer* v. *Toby*)—a case which we do not entirely approve of, but which, we think, correctly lays down the general proposition as to implied license arising from a mere contract of purchase.

But we think the tender of the deed from Zottman to plaintiff, and which was offered by plaintiff to McEwen, was a sufficient assignment of Zottman's covenants, when taken in connection with the tender of the deed from plaintiff to McEwen. Zottman, in his agreement, covenanted to make a deed to Kelly, on the payment of the second note, with a covenant against his own acts; Kelly transferred his right to

Gaven *v.* Hagen.

McEwen; Zottman assigned to plaintiff, subject to this agreement, and in Zottman's deed to plaintiff, he covenanted against his own acts. When McEwen got the deed of plaintiff, and also an assignment of the deed of Zottman, he received all he could have obtained by a literal performance of the contract between Zottman and Kelly. It is true that there was no written assignment of this covenant; but the turning over of the deed by plaintiff to McEwen in fulfillment of the contract, would have authorized McEwen or Kelly to use the name of plaintiff to enforce the covenant, if any cause of action existed; and besides, no objection was made to the mode of assignment by McEwen; but he declined generally to do anything in the matter.

But perhaps a more satisfactory answer to the defense is, that the defendant had no right, as against the plaintiff, to the possession, as we have seen, except on a compliance with the condition of paying the second note, or tender of payment. We see in the record no sufficient proof of tender. Clyde's testimony shows a demand for the removal of a mortgage and a tax deed, in connection with the offer to pay the note; and the evidence of the other witness, Wilcocks, is not satisfactory. In order to make the tender effectual, so as to give the vendee a right of possession, the money should have been offered, and a deed demanded of Zottman, (if the payor was unwilling to take the deed of McEwen) and an offer to execute the mortgage. But no deed seems to have been demanded of Zottman; nor is it shown anywhere that the property had been encumbered by Zottman before his assignment to the plaintiff. As the contract was recorded, it is not easy to perceive how Zottman could have encumbered it so as to injure defendants after the execution of the agreement; and there is no proof that it was mortgaged before, even if such proof would have availed the assignee of Kelly.

What effect the recovery of the plaintiff will have on the rights of Kelly or his assignee under the contract, it is not necessary to determine here; nor whether, if the contract is to be considered as rescinded, the money already paid on it may be recovered by Kelly or his assignee. It is sufficient for all purposes of this decision, to hold that the plaintiff has the legal title, and the defendants no such equity arising from this contract, as to bar a recovery on that title in ejectment.

Judgment affirmed.