## BRYAN FAGAN, RESPONDENT, v. WILLIAM M. SCOTT, APPELLANT.

*Executory contract for purchase of land — right of possession under — when owner may take forcible possession.*

Plaintiff entered into a contract with the Jamaica and Brooklyn Plank-road Company to purchase from the latter certain real estate, paying down ten per cent., and agreeing to make other payments as therein specified, no right of possession being given by the contract. He failed to make the payments as required, but subsequently inclosed the land and sowed it. Upon being notified by the company to leave, he promised to do so when the crops were harvested. Upon being again notified to leave in the December following, he refused to do so, whereupon the defendant, by order of the company, tore down the fence and leveled the land.

In an action of trespass against him for so doing, *held*, that as the plaintiff had failed to comply with the terms of the contract, he had no right to the possession of the land, even though he entered under a verbal license, and that he could not maintain an action of trespass against the real owner who had forcibly dispossessed him.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Jno. J. Armstrong*, for the appellant. Under the contract of purchase the plaintiff had no right to the possession of the premises in question. (*Spencer* v. *Toby*, 22 Barb., 260; *Eggleston* v. *New York and Harlem R. R. Co.*, 35 Barb., 162.)

*Philip S. Crooke*, for the respondent. The plaintiff was rightfully in possession, as vendee, with permission of the vendor, under a written contract of sale. He could only have his possession disputed by ejectment. (Suydam on Vendors, 179; Tyler on Ejectment and Adverse Enjoyment, 40, 57, 216.)

BARNARD, P. J. :

This is an action to recover damages for trespass upon lands. The facts as proved on the trial and upon which the action is claimed to rest are few and undisputed. In February, 1872, the

plaintiff entered into a contract to purchase the lands in dispute of the Jamaica & Brooklyn Plank-road Company. By the terms of sale the plaintiff was bound to pay at the date of the execution of the contract, ten per cent. of the purchase price. This he paid. By the contract he was to pay thirty per cent. of the purchase money on the 1st of May, 1872. This has never been paid or tendered. The balance he was bound to pay when he received his deed. The agreement was by its terms to be void, unless the Plank-road Company sold all its lands in Brooklyn city or such as it chose to sell. In case the sale was not completed the money paid was to be returned to plaintiff. The agreement gave no possession or right of possession. Shortly after the execution of the contract plaintiff drew some soil upon the premises described, without any license so to do from the company. In May, 1875, the plaintiff enclosed the land by a fence without any permission so to do. The company promptly gave him notice in writing to remove the same, and he replied through an attorney of this court that he would deliver up the possession of the premises as soon as the crops thereon were gathered. On the 30th of December, 1875, the plaintiff was directed by the company to remove the fence and he refused, whereupon the defendant, acting under the direction of the Plank-road corporation, removed the same and graded down the land enclosed thereby.

There was no evidence of any lawful possession of the land by plaintiff. A contract to buy land, which by its terms gives no possession, is not of itself a license to enter. (*Spencer* v. *Tobey*, 22 Barb., 260; *Eggleston* v. *N. Y. & H. R. R. Co.*, 35 Barb., 162.) Assuming a possession by mere license, the case was tried upon a mistaken principle. The jury were told that if the Plank Road Company consented to the plaintiff's taking possession, the only remedy left the company was to obtain possession by action of ejectment. We deem the law to be otherwise. In *Ives* v. *Ives* (13 Johns., 235), it was held that a defendant who entered under a contract to purchase without a right to possession by the terms of the contract, could be dispossessed by force by the owner, and that trespass therefor would not lie. In *Hyatt* v. *Wood* (4 Johns., 150), it was held that a person having a legal title could enter by force and turn out a person who had a naked possession only, and

that trespass would not lie against him. In *Erwin* v. *Olmsted* (7 Cowen, 229), it was held that when the owner dispossessed a person who entered under a contract with him, and was dispossessed in turn by the purchaser, that an action would lie by the owner against the purchaser on the executory contract. In *Evertson* v. *Sutton* (5 Wend., 281), it was held that a mere naked possession could maintain trespass against all the world except the real owner. In *Estes* v. *Kelsey* (8 Wend., 555), it was held that a turnpike company could remove a fence from its road by force and without proceeding by action. The plaintiff having no title except an executory contract to buy the land, and not having performed it, had no right to the possession of it, assuming that he had a verbal license to enter. At best he was a mere tenant at will, and had no right to bring an action of trespass against the real owner, who dispossessed him by force.

The judgment should be reversed and a new trial granted, costs to abide event.

DYKMAN, J., concurred, GILBERT, J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.