[No. 9926. In Bank. — June 23, 1886.]

## SAMUEL GATES, RESPONDENT, v. S. M. McLEAN, APPELLANT.

APPEAL — ERRONEOUS FINDING — IMMATERIAL ERROR — JUDGMENT — NEW TRIAL. — Where an appeal from the judgment and an appeal from an order refusing a new trial are contained in the same transcript, the judgment will not be reversed or a new trial granted because of the failure of the court to find on a particular issue in favor of the appellant, or because a certain finding was without the issues, if the correction of the findings would not change the result.

CONTRACT FOR SALE OF LAND — INSUFFICIENT ATTACHMENT NOT AN ENCUMBRANCE. — An attachment purporting to have been levied on certain land, but which was not served or levied as required by law, or in such a manner as to constitute a lien thereon, is not an encumbrance within the meaning of an agreement to sell the land free from all encumbrances.

ID. — VENDEE WHEN NOT ENTITLED TO POSSESSION — IMPLIED LICENSE TO ENTER. — Under a contract for the sale of land, which does not provide for the purchaser entering into possession, no license to enter is implied.

ID. — FAILURE OF TITLE OF VENDOR — RESCISSION BY VENDEE — LIABILITY FOR PURCHASE PRICE. — Where the contract provides for the vendee taking possession, his remedy, in case the title of the vendor fails, or he is unable to make a conveyance as stipulated in the contract, is to rescind or offer to rescind the contract, and to restore the possession, in which event he may recover the purchase-money advanced, with interest thereon, together with the value of his improvements, deducting therefrom such sum as the use of the premises may reasonably be worth. If, on the contrary, the vendee chooses not to rescind, but to retain possession under the contract, he can do so only on condition that he pay the purchase-money and interest according to the contract. In the latter case, it is considered that he is willing to receive such title as the vendor is able to give, and is content with the personal responsibility of the vendor upon his covenants.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The action was brought to recover the possession of certain land, which the plaintiff had contracted to sell to the defendant. Judgment was rendered in favor of the plaintiff. The further facts are stated in the opinion of the court.

*Wright & Hazen, W. L. Dudley, William O. Minor,* and *L. J. Maddux,* for Appellant.

*W. E. Turner,* for Respondent.

McKINSTRY, J.—The contract between the parties, as alleged in the complaint, was: "On the eighth day of October, 1881, this plaintiff agreed to and with said defendant to sell and convey said lots and parcels of land [hereinafter described] to said defendant, for the agreed price of two thousand eight hundred dollars; that on said date the said defendant paid to plaintiff the sum of three hundred dollars, and then and there promised and agreed to and with the plaintiff to pay the balance of said purchase-money, to wit, the sum of two thousand five hundred dollars, and interest thereon at one per cent per month from said eighth day of October, 1881, on the execution and delivery by plaintiff to said defendant of a good and sufficient deed of conveyance of and to said lots and parcels of land."

As alleged in the answer, the contract was: "On the 8th of October, 1881, plaintiff and defendant entered into an agreement for the sale and conveyance to defendant by plaintiff of the lots described in the complaint [the same hereinafter described] in consideration of two thousand eight hundred dollars to be paid to the plaintiff by defendant upon plaintiff making and executing and delivering to defendant a good and sufficient *title* to the lots described in the complaint, free from all encumbrance save and except the present tax liens."

The Superior Court found: "On the eighth day of October, 1881, a contract of sale between the parties was finally culminated, made, and entered into, and the following terms were then and there agreed to by and between said parties, to wit: that the said defendant should pay to the plaintiff as the purchase price for said lots the sum of two thousand eight hundred dollars in the

manner following: three hundred dollars in cash within a reasonable time after said eighth day of October, 1881. But out of said two thousand five hundred dollars defendant was to assume and pay the mortgage lien then on said premises in favor of one McLellan, and which at that time amounted to about twelve hundred dollars. It was also agreed by and between said parties to said contract that in case the deed, then on file, from said Fulkerth to said James Brusie, purporting to convey from said Fulkerth to said Brusie the title to said lots, should be held to be a good and sufficient deed, sufficient to convey a good and sufficient title to said lots to the said Brusie, paramount to plaintiff's title, then and in that event defendant was to quit and surrender possession of said lots to plaintiff, without damage and without further or other consideration save and except the return by plaintiff of the whole amount of the purchase-money and interest paid to plaintiff by defendant, and upon the return to defendant of said sum aforesaid, said contract was to become from thenceforth void and of no effect."

The contract between these parties was reduced to writing, and is as follows:—

"Received of S. M. McLean the sum of three hundred dollars, part payment of the purchase price of lots Nos. twelve (12), thirteen (13), fourteen (14), fifteen (15), sixteen (16), in block No. sixty-eight (68), in the town of Modesto, county of Stanislaus; and I hereby agree to make to the said McLean a good and sufficient title to the above lots, free from all encumbrances, save and except the present tax liens, upon the payment of the further sum of two thousand five hundred dollars, with one per cent per month interest from date until paid.

"Dated Modesto, October 8, 1881.

(Signed) "SAMUEL GATES."

The foregoing was given in evidence by the defendant without objection. It is admitted that defendant paid to the plaintiff three hundred dollars (part of the two

thousand eight hundred dollars) when the receipt or writing was executed. The contract as alleged in the pleadings of the respective parties does not differ in its legal effect, except as to interest, and that as alleged in the answer, it contained the clause, "free from all encumbrance save and except the present tax lien." The effect of the promise (averred in the complaint to be in the contract) that plaintiff should execute and deliver "a good and sufficient conveyance" was the same as a promise that he should convey the title. (*Haynes* v. *White*, 55 Cal. 40.) The contract as proved was substantially the contract alleged in the answer. It varied from that alleged in the answer in that it provided for interest upon two thousand five hundred dollars, but as we have seen, it was introduced by defendant without objection on the part of the plaintiff.

The defendant was entitled to a finding that the contract was as set forth in the receipt above recited.

There is an appeal from the judgment. It is not necessary to say whether, if the case were here upon the pleadings, findings, and judgment alone, we should be compelled to reverse the judgment because the finding is without the issue. But there is an appeal from the order denying a new trial. The two appeals being in the same transcript, we ought not to reverse the judgment if convinced the new trial was properly denied. The defendants did not ask for a new trial on the ground of insufficiency of the findings.

There is a specification in the statement for new trial that finding No. 11, with respect to the terms of the contract, is not justified by the evidence. The specification proceeds: "The contract between the parties is set out in defendant's Exhibit B [being the receipt hereinbefore mentioned], and fails to state anything about a mortgage or a deed to Brusie, but requires plaintiff to make defendant a good and sufficient title, free from all encumbrances, except existing tax liens."

. If the finding of the court be disregarded, still the defendant should not have a new trial, if, conceding that the contract was as alleged by the defendant, or as by him proved, the result must be a judgment against him. It has been repeatedly held, that even when the court has omitted to find upon a material issue, a new trial may be denied if on the evidence the finding must have been adverse to the party asking the new trial. By parity of reason, a new trial may be denied if a finding in favor of the party asking the new trial (upon a particular issue) could not have changed the result.

Conceding that the contract ought to have been found as alleged and proved by the defendant, and assuming that what ought to have been found is to be treated as found, what were the rights of these parties ?

On October 2, 1878, in the Justice's Court of Empire township, one James Brusie commenced an action to recover of one Minor Walden $166 and costs, and on said day caused a writ of attachment to be duly issued in the action, which attachment was placed in the hands of W. G. Ross, constable, who on the same day attempted to levy the same on the premises herein demanded. On the 12th of October, 1878, judgment by default was entered in the action in favor of the plaintiff for the amount claimed therein.

The plaintiff herein became the legal owner of the lands in controversy on the 20th of November, 1879, by virtue of a conveyance from Minor Walden (defendant in the justice's suit), which conveyance was duly recorded January 6, 1880.

An abstract of the judgment in the action of *Brusie* v. *Walden* was filed with the county recorder October 1, 1880.

On the same day a writ of execution was issued on the judgment, under which and the judgment all the right, title, and interest of Walden in the lands and premises herein demanded were sold and conveyed by the sheriff to said Brusie.

We agree with counsel for defendant herein that the attachment issued in *Brusie* v. *Walden* was never served or levied as required by law, or in such manner as to constitute a lien on Walden's title to the lands.

The sheriff's deed therefore only conveyed to Brusie such title as Walden had when the abstract of the judgment in *Brusie* v. *Walden* was filed with the county recorder. As we have seen, Walden had previously conveyed all his title to the present plaintiff. The attachment did not constitute a "cloud" on the title which the plaintiff herein offered to convey to the defendant. Moreover, if it could be treated as in any sense a cloud, it was not an "encumbrance" within the meaning of the agreement of October 8, 1881.

It follows that if it be admitted that the court below erred in receiving in evidence the record of the action brought by Brusie, in which the nonsuit was granted, the defendant was not injured, because he himself proved the Brusie title to be invalid, and that it constituted no encumbrance. The deed tendered by the plaintiff would have conveyed "a good and sufficient title."

As to the McLellan mortgage: On the third day of January, 1880, the plaintiff mortgaged the premises herein demanded to one E. J. McLellan to secure the payment of $1,195, which said mortgage was recorded, and remained in full force and effect until April 11, 1883, when it was fully paid off, satisfied, and discharged by the plaintiff.

This action was commenced October 30, 1883.

January 9, 1883, plaintiff tendered to defendant, at the town of Modesto, "a grant, bargain, and sale deed conveyance of said lots, which said deed was duly executed and acknowledged by said plaintiff, so as to entitle it to be recorded, and which conveyed the title to said property from said plaintiff to said defendant, his heirs, executors, and assigns, forever, and which contained all the

usual recitals of a grant, bargain, and sale deed, and then
and there demanded of and from defendant that he, de-
fendant, should accept said deed, and pay to plaintiff the
balance of the purchase price due on said lots, as agreed
upon at the time of making said contract" of purchase
and sale; but to pay the same or any part thereof, said
defendant then and there refused and neglected, and ever
since has refused and neglected, and then and there re-
fused to accept said deed.

January 12, 1883, plaintiff again tendered the said
deed, together with a certain bond of indemnity, the con-
tents whereof need not be specified.

On the 13th of January, 1883, plaintiff served on de-
fendant a written notice rescinding the contract of sale
and purchase of said lots, and all of them, entered into
as aforesaid, and the whole and every part of said con-
tract, and at the same time did tender to the defendant
the sum of three hundred dollars (the sum paid by de-
fendant to plaintiff when the contract was entered into),
and interest thereon at one per cent per month from
October 8, 1881, to the said 13th of January, 1883, in all
$342, etc.; and the said plaintiff then and there demanded
possession of said lots, and the said defendant refused to
deliver possession, etc., but retained and kept possession,
and ever since and still holds possession, etc.

When the deed and money were tendered, notice given,
and demand made, the mortgage to McLellan was a valid
lien on the demanded premises. The mortgage was sat-
isfied before this action was commenced.

The existence of the McLellan mortgage when the
deed was tendered is not pleaded in the answer as a de-
fect in the plaintiff's title or as an encumbrance thereon.
In his answer, the defendant relies entirely on the Brusie
title, so called. When the written contract of October 8,
1881, was signed and delivered, the existence of the
McLellan mortgage was known to the defendant, and the
court finds that the defendant was to discharge it out of

the deferred payment. But conceding, as claimed by defendant, that all previous conversations were merged in the writing of October 8, 1881, the fact that the Mc-Lellan mortgage was unsatisfied was not mentioned by defendant as an objection to the title when plaintiff tendered his conveyance. In response to the tender of the deed, the defendant in writing specified as his objection to plaintiff's title the Brusie suit, attachment, judgment, execution, and deed. If the purchaser is not content to take the title offered, "he should specify his objection and give up possession of the land." (*Viele* v. *Troy &amp; B. R. Co.*, 20 N. Y. 187.)

The written contract on which the defendant relies does not provide for vendee taking possession, or recognize his right to the possession, as in *Willis* v. *Wozencraft*, 22 Cal. 607.

In *Spencer* v. *Tobey*, 22 Barb. 269, it is said: "The plaintiff having given the defendant the possession, if he was not entitled to it under the contract, does not affect the plaintiff's right to recover. Nor can that act, subsequent to the contract, aid in the construction of the contract." And in that case it was held that where the contract does not provide for the purchaser entering into possession, no license to enter is to be implied. In *Gaven* v. *Hagen*, 15 Cal. 211, the Supreme Court of this state said that *Spencer* v. *Tobey, supra*, correctly lays down the general proposition as to implied license (to enter) arising from a mere contract of purchase.

In *Bohall* v. *Diller*, 41 Cal. 533, the vendor sought to recover all the money due under the contract, *and* the possession of the land. Moreover, that case holds that the vendor may rescind on return of the purchase-money received, and recover possession, — the vendee having failed to perform.

In *C. P. R. R. Co.* v. *Mudd*, 59 Cal. 585, there was a distinct stipulation that on failure of the vendee to pay the vendor should have a right to re-enter. *Hicks* v.

*Lovell*, 64 Cal. 14, and *Whittier* v. *Stege*, 61 Cal. 238, hold that the vendor can recover in ejectment against the vendee who refuses to perform his contract.

Here the defendant in possession claims the right to retain his possession by virtue of the contract, and yet refuses to pay the purchase price. The plaintiff has tendered a return of the sum paid, and given notice of rescission.

Even where the contract provides for the vendee taking possession, the remedy of the purchaser, where the title of the vendor fails, or he is unable to make conveyance as stipulated in the contract, is to rescind the contract, or offer to, and to restore the possession, in which case he may recover the purchase-money advanced and the interest, together with the value of his improvements, deducting therefrom such sum as the use of the premises may reasonably have been worth. If, on the other hand, the purchaser chooses not to rescind, but to retain possession under the contract, he can do so only on the condition that he pays the purchase-money and interest according to the contract. In the latter case, it is considered that he is willing to receive such title as the vendor is able to give, and is content with the personal responsibility of the vendor upon his covenants. (*Taft* v. *Kessel*, 16 Wis. 273, and cases cited; *McIndoe* v. *Morman*, 26 Wis. 588.)

In one of the Wisconsin cases it is said that where the purchaser seeks to rescind, the court may provide by the judgment that the possession be retained until the amount received by the vendor and the value of improvements, less, etc., shall have been paid. If the defendant was entitled to be so protected, his rights were secured by the judgment in the present case. As a set-off to the mesne profits proved, the court below allowed the three hundred dollars paid to the plaintiff October 8, 1881, with interest thereon, to the rescission by plaintiff, and

the value of the improvements on the lands made by defendant while in possession.

Here the defendant, if he proposed to affirm the contract, was required at least to tender the money due on it, less sufficient to discharge the McLellan mortgage. (*Pierce* v. *Tuttle*, 53 Barb. 155.) Both parties to the contract were to be actors. The defendant could not remain passive and in possession until the plaintiff had performed his contract to the letter. (*Pierce* v. *Tuttle*, *supra.*)

Judgment and order affirmed.

THORNTON, J., MYRICK, J., McKEE, J., and SHARPSTEIN, J., concurred.