Hon. EDGAR N. HARWOOD, ⎫
Hon. WILLIAM H. DE WITT, ⎬ Associate Justices.

10 1
12 9
24* 627
29* 279

CARTIN, RESPONDENT, v. HAMMOND, APPELLANT.

VENDOR AND VENDEE—*Damages*— *Value of improvements.*—A vendee who has entered and made improvements under an executory contract for the sale of lands, cannot recover the value of such improvements as damages in an action for the breach of the contract, where the contract is silent as to the possession of the property and no permission to enter was given by the vendors.

*Appeal from the Third Judicial District, Deer Lodge County.*

The action was tried before THEODORE BRANTLY, sitting as judge *pro tem.* in place of DURFEE, J. The plaintiff had judgment below.

*Robinson & Stapleton,* for Appellant.

The complaint alleged the contract in general terms, and shows it has been executory, and sets up no agreement between the parties for plaintiff to enter upon the land before its terms were fulfilled.

The answer, among other things, sets out and contains a copy of the contract, which is not denied by plaintiff, and which does not show any agreement for plaintiff to enter into possession of the property until its terms were fulfilled.

Plaintiff claims, among other things, damages in the sum of two hundred and fifty dollars for improvements put on the lot, and the court found, that on the ninth day of March, 1889, plaintiff went into possession of the lot and put two hundred dollars' worth of improvements on it, relying on the terms of the contract, and as a conclusion of law from the foregoing facts, plaintiff was entitled to recover two hundred dollars and interest on the same.

Appellant claims that from the contract and facts found the plaintiff was a trespasser in going on the lot; that he had no right there, and cannot recover for improvements put on the lot when he had no right to go on it.   (See Waterman on Trespass, § 927; Sedgwick & Wait on Trial of Title to Real Property, § 304; *Burnett* v. *Caldwell,* 9 Wall. 292; *Gaven* v. *Hagen,* 15 Cal. 210.)

*Cole & Whitehill,* for Respondent.

The law of trespass invoked by appellant is not applicable to the facts of this case.   The right of possession is not raised by the pleading either directly or indirectly.   The findings of the court show that appellant had no title whatever to the premises either at the time of the execution of the contract or at the time of the trial.   How then can he complain of a trespass?   Or how can the court consider that question without the evidence?   But there was no trespass.   The court found that the respondent had complied with the terms of the contract by tendering the money and demanding the execution of the deed.   In actions of this character, the rule is, that if the person selling is in fault he is liable to full compensatory damages including those for the loss of the bargain. (2 Sutherland on Damages, p. 217; *Pumpelly* v. *Phelps,* 40 N. Y. 61; 100 Am. Dec. 463; *Foley* v. *McKeegan,* 4 Iowa, 1; 66 Am. Dec. 107, and note.)

BLAKE, C. J.—This action was commenced by the respondent to recover the sum of one thousand dollars from the appel-

lant for the breach of a certain contract. A trial by jury was waived, and the following facts appear from the findings: The parties entered into a contract in writing March 9, 1889, whereby Hammond agreed that he, in conjunction with his wife, would sell to Cartin certain real property. The title to the premises was vested in the wife of Hammond when the contract was signed, and also at the trial. Hammond executed and acknowledged a deed to the property March 9, 1889, and placed the same in a bank in Philipsburg with the understanding that his wife would also execute and acknowledge the instrument upon her return. Cartin was to pay Hammond the sum of eleven hundred dollars upon the execution of the conveyance by the proper grantors, and the deposit thereof in this bank. Cartin proposed, March 20, 1889, to pay this amount to Hammond if he would have the deed properly executed, and tendered, March 28, 1889, the money. The wife of Hammond did not make any conveyance, and did not sign the contract.

The sixth and eighth findings are as follows: "(6) That the plaintiff, upon the execution of the contract on the ninth day of March, 1889, went into the possession of the premises in controversy, and made improvements thereon to the amount of two hundred dollars, relying upon his contract with the defendant." "(8) That as a conclusion of law from the foregoing facts, the plaintiff is entitled to recover from the defendant the sum of two hundred dollars, with interest from the 1st of April, 1889, and judgment should be entered accordingly."

The pleadings show that the contract was signed March 9, 1889; that Cartin then paid Hammond the sum of one hundred dollars, and was to make, March 20, 1889, the final payment of eleven hundred dollars, and that the sale of the premises was not effected. The contract is silent upon the subject of the possession of the property, and neither Hammond nor his wife, the owner, assented to the entry thereon by Cartin.

It is a fair deduction from the findings that the sole ground on which the damages were based was the value of the improvements that the respondent made upon the premises. This allegation is made in the complaint: "That the plaintiff, in relying upon the agreement entered into as aforesaid, made improvements upon said premises to the amount of two hundred and

forty dollars; that said premises now are of the value of one thousand four hundred and fifty dollars; that by reason of the breach of said contract by defendant, plaintiff has been damaged in the sum of one thousand dollars." No other element of damages is referred to in the pleadings and findings. Every presumption is to be drawn in favor of the ruling of the court below, but we cannot ignore this salient fact. It is evident from the record that the respondent complied with all the conditions of the contract which were to be performed upon his part, and that the appellant was in fault. Hammond entered into the contract without title, but in the expectation of acquiring the same afterwards through the concurrence of his wife in the execution of a good and sufficient deed. The authorities of this country now declare that the appellant "is liable to full compensatory damages, including those for the loss of the bargain." (2 Sutherland on Damages, 418, and cases there cited.)

Can the respondent recover in this action the value of these improvements as damages? What rights did he possess under the foregoing contract? As early as 1812, the Supreme Court of the State of New York held, in *Suffern* v. *Townsend,* 9 Johns. 35, that an agreement of this character "to purchase and convey did not, of itself, amount to a license to enter. It was a mere executory agreement." The same doctrine is laid down in *Erwin* v. *Olmsted,* 7 Cowen, 229; *Spencer* v. *Tobey,* 22 Barb. 260. In *Gaven* v. *Hagen,* 15 Cal. 208, Mr. Justice Baldwin in the opinion says: "There is no implication of a license to enter from the mere fact of an executory agreement of this sort. . . . . See *Spencer* v. *Tobey,* 22 Barb. 260, a case which we do not entirely approve of, but which, we think, correctly lays down the general proposition as to implied license arising from a mere contract of purchase." In *Willis* v. *Wozencraft,* 22 Cal. 607, this proposition of the case of *Gaven* v. *Hagen, supra,* was examined and questioned. It is, however, stated by the court that the contract then under consideration stipulated that the vendee was to enjoy the possession of the realty. In the opinion upon the petition for a rehearing, Mr. Justice Crocker observed: "Whether in equity a vendee, in a simple contract to convey at some future time, which is silent about the possession, has a right to take and hold possession before the conveyance, is a

question not before us, as the contract in this case specially gives him the right of possession." The case of *Gates* v. *McLean*, 70 Cal. 42, recognizes the principle referred to in *Spencer* v. *Tobey*, *supra*, and *Gaven* v. *Hagen*, *supra*.

The Supreme Court of the United States cites with approval *Suffern* v. *Townsend*, *supra*, and *Erwin* v. *Olmsted*, *supra*, and says in *Burnett* v. *Caldwell*, 9 Wall. 290: "If the contract in such cases be silent as to possession by the vendee, he is not entitled to it." It is clear that the respondent unlawfully entered and made his improvements upon the property of Mrs. Hammond. In *Peters* v. *McKeon*, 4 Denio, 546, the court discusses the measure of damages in similar cases, and Mr. Chief Justice Bronson concludes: "He (the vendee) cannot, I think, be entitled to the expenses which may have been incurred in removing to the land, or in making improvements upon it, whether of a permanent or temporary nature. . . . . It may be added that in this case the plaintiff did not act with sufficient caution. He should have looked into the title, and ascertained whether it was likely to prove satisfactory before he took possession of the property under the contract." This rule with stronger reason is applicable to the case at bar, and excludes from the measure of damages the value of improvements made by the respondent.

It is therefore ordered and adjudged that the judgment be reversed with costs, and that the cause be remanded for a new trial.

HARWOOD, J., and DE WITT, J., concur.