## A. & J. SUFFERN *against* TOWNSEND.

THIS was an action of trespass *quare clausum fregit*, and for cutting and carrying away trees, &c. Plea, not guilty, with *notice* that the defendant would give in evidence, at the trial, a *license* to cut and carry away the timber and trees, &c.

The cause was tried, at the *Orange* circuit, on the 12th of *September*, 1811. The plaintiff having proved the entering, and cutting, and carrying away the trees, &c. the defendant offered to give in evidence, in bar of the plaintiff's action, that at the time of the trespass complained of, he was in possession of the *locus in quo*, by virtue of a *parol* agreement, for the purchase of the lot, on which the trespass was alleged to be committed. That this agreement was made in the autumn of 1809, immediately after which the defendant entered, as owner, and the plaintiff showed the lines and bounds of the lot. A deed was to be executed in the following spring. In *March*, 1810, when the lot was surveyed, the defendant, finding that it did not include all the land he supposed, abandoned the lot, and informed the plaintiff that he would not take it, on account of the misrepresentation as to the bounds. The plaintiff, accordingly, sold it to another person in *May*, 1811. The alleged trespass was committed while the defendant was so in possession of the lot.

This evidence was objected to, as not constituting a bar to the plaintiff's action, and was overruled by the judge, and the jury, under his direction, found a verdict for the plaintiffs.

A motion was made to set aside the verdict, and for a new trial.

*Fisk*, for the defendant, contended, that the evidence offered at the trial ought to have been received. Though the *parol* agreement was void as to the purchase, under the statute of frauds, yet it was good evidence of a *license* to enter. A *license* need not be in writing. A license to enter is a good plea in bar to an action of

An agreement, for the purchase of land, does not, of itself, amount to a *license* to the party agreeing to purchase, to enter on the land; and a license to enter does not imply a permission to cut and consume the timber. And where a person, after a parol agreement for the purchase of land, entered and cut timber, and the agreement was afterwards rescinded by him; it was held that he was liable as a trespasser.

HURTIN
v.
HOPKINS.

trespass *quare clausum fregit*. He cited 5 *Comyns' Dig*. 791. 2
*Term Rep*. 166. 6 *Johns. Rep*. 46. 7 *Johns. Rep*. 1.

*J. Duer*, contra, insisted, that a *parol* agreement for a purchase
did not imply a *license* to enter on the land. Suppose even an
agreement for a purchase in writing, yet if it does not contain an
express permission to enter, it will not give such *license*, by
implication. Again, if the plaintiff had expressly consented to let
the defendant enter, on condition that he would become a purcha-
ser, yet if the defendant, afterwards, refused to purchase, he would,
by breach of the condition, become a trespasser *ab initio*.

*Per Curiam*. The defence set up as a bar to the action was
properly overruled. The agreement to purchase and convey did
not, of itself, amount to a license to enter. It was a mere execu-
tory agreement. And even if a license to enter had been shown,
it would not have been sufficient, without showing a further license
to cut and consume the timber. The one license does by no
means imply the other. The defendant could not have pretended
to have been in possession, in any higher character than a tenant
at will, as the agreement for the purchase of the premises was by
parol, and if a tenant at will cuts timber, it is trespass. The mat-
ter offered as a defence was altogether insufficient.

                                        Motion denied.