Curia, per Savage, Ch. J.
The plaintiff, in right of his own wife, owned an undivided seventh part of the premises ; and being peaceably in possession, had a right to remain there, as against the defendant, unless he has shown such a title as will justify the authority exerted by him.
*230 lío power was produced on the trial from the heirs to yy. paimer. Nothing was paid upon the contract of pur* chase; and there was no stipulation about the possession. ipjmre is no evidence that W. Palmer was authorized to convey the plaintiff’s interest. Besides, a mere agreement to sell land does not constitute a license to the purchaser to enter. (9 John. 35.) And if it did amount to a license in this case, it is from one of several tenants in common ; and would not authorize the purchaser to turn out his co-tenants.
The case of Hyatt v. Wood, 4 John. 150, is not an authority for this case. There the plaintiff was a mere intruder, if not a tenant at will to the defendant. The latter was considered by the court the true owner. He had purchased from the only person who showed any right; and had paid a valuable consideration. He was adjudged to have a title which would have supported a plea of liberum tenementum. The facts in this case are far different. The plaintiff shows an absolute title, in his wife, to a portion of the premises. The defendant shows no title which would have supported a plea of liberum tenementum ; nor any thing beyond a license, if so much. At most, he had but an equal right with the plaintiff, even if he had a deed from *W. Palmer. The latter could convey only his own right. As the plaintiff had never conveyed, or parted with his interest, his title to the extent of it, 'must be considered good. The defendant’s interest, if any, cannot be greater than the plaintiff’s. The defendant, therefore, had no right to dispossess the plaintiff. The nonsuit must be set aside ; and a new trial granted.
Buie -accordingly.