## WRIGHT *vs.* MOORE.

Where a contract is entered into for the sale of land, by the terms of which the purchaser is to pay $500 down and *enter into immediate possession* of the premises, a second instalment to be paid in *ten months*, and the residue at deferred periods, and the vendor is to execute a deed in *two months ;* the vendor is entitled to maintain *an action of ejectment* on the default of the purchaser to pay the second instalment, although the first instalment was punctually paid, and the vendor did not before bringing suit *tender* a deed.

The vendor in such case could not maintain *covenant* for the purchase money, but may bring *ejectment ;* the remedy of the defendant, if any, is in equity.

*It seems* that in a case like this, *notice to quit,* before bringing suit, is not necessary.

THIS was an action of *ejectment,* tried at the Niagara circuit in April, 1837, before the Hon. ADDISON GARDNER, then one of the circuit judges.

Wright v. Moore.

On the 29th February, 1836, the parties entered into articles of agreement *under seal,* for the sale and purchase of 106 acres of land. The plaintiff covenanted to *convey* the premises *in fee* to the defendant *by the first day of May then next,* or as soon thereafter as a deed could reasonably be obtained from the Holland Land Company, for the sum of $3515 14, to be paid as follows: $500 down, $1000 on the 22d December then next, and the residue in three annual instalments, "all except the first payment of $500 to be secured by a bond and mortgage upon the said premises." The defendant on his part covenanted that he would purchase the premises of the plaintiff and pay him therefor the sum, at the times and in the proportions above specified, and secure the same, except the first payment of $500, by bond and mortgage as above mentioned ; and then followed a further covenant on the part of the plaintiff, that the defendant "may have quiet and full possession of the said premises at any time after the payment of the said sum of five hundred dollars, the first payment above mentioned." The defendant paid the sum of $500, and *took possession* of the premises. The plaintiff obtained his title from the Holland Land Com pany on the 8th March, 1836. On the 13th July, the defendant having become *insolvent,* transferred all his interest in the contract, together with his other property, for the benefit of his creditors, to *assignees,* who requested the plaintiff to convey the land, and offered to procure the defendant to execute the bond and mortgage according to the terms of the contract; the papers to bear date at any time the plaintiff should elect. The plaintiff refused to comply with this request. About the time the instalment fell due in *December,* the plaintiff demanded payment of the same of the defendant, who declared his inability to pay and said the land would have to go back. In January, 1837, this action was commenced. No evidence was given on the part of the plaintiff of a *tender* by him of a deed, at any time, either to the defendants or his assignees. The jury found a verdict for the plaintiff, and the defendent tendered a *bill of exceptions,* which was duly signed by the circuit judge. The bill gives a history of the trial, setting forth the evidence in

the case, and concluding in the usual form of a bill of exceptions, the defendant's counsel insisting that the said several matters so given in evidence were sufficient to entitle the defendant to a verdict, and the plaintiff's counsel insisting that they were not sufficient for that purpose, and the judge delivering his opinion that the said several matters so produced and given in evidence were not sufficient to bar the plaintiff of his action ; whereupon the plaintiff's counsel excepted. Then follows a clause to this effect : that the judge did *further* declare and deliver his opinion to the jury, that if they believed that the plaintiff demanded the $1000 payment due on the contract in December, 1836, at or about the time the payment became due, and that the plaintiff was willing to accept the said payment when it became due and give a deed for the premises, the plaintiff was entitled to recover. To which last mentioned opinion, it is stated the defendant's counsel excepted. Upon this bill of exceptions the defendant moved for a new trial.

*J. A. Spencer*, for the defendant, insisted that the plaintiff was not entitled to maintain this action. By the terms of the agreement the defendant was to pay $500 down and to enter into the immediate possession of the premises, and the plaintiff was to *convey* the premises in fee, before any further payment was to be made. The payment of $500 was made. The execution of the deed was a *condition precedent* to any thing further being done by the defendant. The plaintiff had the ability to perform on his part and neglected to do so. He surely could not under these circumstances maintain *an action of covenant* for the payment of the purchase money, and upon the same principle he is not entitled to maintain *an action of ejectment*. He has received $500, and ought not in justice to be permitted to retain that sum and also maintain this action. The defendant is in possession by the agreement of the plaintiff, who should be driven into a court of equity for his remedy, where such terms may be imposed as the equity of the case requires. At all events the plaintiff should have tendered a *deed*, and required performance on the part of the defendant before bringing this suit.

Wright v. Moore.

*A. Taber*, for the plaintiff.

*By the Court*, COWEN, J. Independent of the covenant that the defendant might take possession, there can be no doubt that the plaintiff was entitled to recover. *Jackson, ex dem Whitbeck*, v. *Deyo*, 3 Johns. R. 422. I admit he could not, on the case made out, recover the purchase money in an action of covenant; he was in default for not tendering himself to execute a deed on the first of May, and his remedy was gone at law. *West* v. *Emmons*, 5 Johns. R. 179. *Franchot* v. *Leach*, 5 Cowen, 506, 508. The defendant was without fault, for he could not give the security by bond and mortgage till the plaintiff had first given him a deed. Id. id. The remedy of the plaintiff to collect the money, if he had any, lay in a court of chancery. But although the plaintiff could not recover in covenant, the defendant could have no title at law, and would be regarded as a trespasser. *Jackson, ex dem. Simmons*, v. *Chase*, 2 Johns. R. 84. *Jackson, ex dem. Smith*, v. *Pierce*, id. 221. And see *Robinson* v. *Campbell*, 3 Wheat. 218. These cases and many others hold that though the defendant's equitable title may be clear and perfect, its enforcement belongs exclusively to chancery.

If the defendant have any legal right to hold possession it must be in virtue of the agreement, that he might have possession after paying the $500. That sum he paid and took possession ; and now claims to hold at law absolutely, and indefinitely, because the plaintiff has not complied with a condition, merely technical. The question of notice to quit does not arise between vendor and vendee. *Jackson, ex dem. Shipley*, v. *Moncrief*, 5 Wendell, 26, 29. Beside, it was not sought to be raised on the trial ; and we must, therefore, take the case as if notice had been given, provided any were necessary. The simple stipulation that the defendant might take possession, is certainly not equivalent in law to a deed, either in fee or for life, or any definite time. At the utmost, it can do no more at law than create a *quasi* tenancy at will. Taken in its strict import, it is a mere license. The language is, " he may have full and quiet pos-

session," and it stops there. There is nothing in it which *ex vi termini* entitles the defendant to hold for a day, after the license is revoked. So much for the legal effect of the agreement. It is merely executory, and looks for the passing of the legal title to a future day. The defendant pays a small portion less than one-sixth; takes possession, avows his inability to pay any more, becomes insolvent, assigns his estate, and on a claim that he should restore possession, sets the plaintiff at defiance; and claims (virtually) a fee. If he succeed, he will certainly have the merit of introducing a new head into the system of conveyancing.

If any thing be implied from this kind of covenants, in connection with the legal license to take possession, it can be nothing more than that the defendant shall hold so long as he continues to keep up all such payments, as may be legally or equitably due. Such I apprehend is the real intention of the parties, when they insert such a license. Without it, the defendant would, we have seen, be a trespasser at law; and as he intends to pay, it is but fair that he should be protected. Such a provision is not unusual and even a court of law would struggle to give it effect, according to the real intention, though it might be inaptly expressed. More than that, however, we ought not to do. When the defendant declares, as here, that he can not pay, and that the land must probably revert, there is, it appears to me, an end of all implied understanding that the possession should continue. A court of equity would, after that feel reluctant to interfere and protect the possession, even on the defendant changing his mind and offering to pay. Of course it would not decree a conveyance without full payment. But for a court of law, which can impose no conditions, and can act only on the legal title, to deny a restoration of possession to the vendor, would result in downright iniquity. The case of *Jackson, ex dem. Shipley* v. *Moncrief*, 5 Wendell, 26, comes very near the present. The defendant there held under a contract of purchase, and took possession with the vendor's consent; but the purchaser had made default in payment. Chief Justice Savage did look into the equitable rights of the parties, and found that the

defendant had no title, even in this view. But he is very far from admitting that the consent to take possession would protect the defendant at law, even if the parties had so conducted as to save his equitable right. On the contrary, I understand him to deny that such conduct could, in any view, vary the question in an action of ejectment.

The plaintiff being in fault, the defendant has his remedy at law for damages on the covenant. This is his only relief short of chancery.

I have considered the question as if the plaintiff had been technically in default, for not offering a deed at the day. Nothing of the offer appears in the bill of exceptions; nor was any objection specifically taken on that account. Had it been, the offer might have been shown, when the defendant must have been adjudged without the least right at law, even to defend himself against an action of covenant. The exception, therefore, which is general against the plaintiff's right to recover, does not reach the only points raised by the defendant's counsel, on the motion for a new trial. It is clear, however, that a court of law must run into the wildest injustice, should they decide that a defence in an action of covenant by the vendor should in all cases be an answer to ejectment.

The decision at the circuit was right, and a new trial must be denied.