Dolittle *v.* Eddy.

----

SAME TERM.    *Before the same Justices.*

DOLITTLE *vs.* EDDY.

A witness can not be allowed to give his opinion as to the amount of damages sustained by a party, in consequence of a mill lying still. But if, in answer to a question as to his opinion, the witness only states facts, error will not lie.

An executory contract for the sale and purchase of land, giving to the purchaser

---
Dolittle *v.* Eddy.
---

a right to enter and possess the premises until default in the payment of the purchase money, without any time being fixed, and without any reservation of rent, is as respects the possession, but a *license* and not a *lease*.

It is not a permanent interest in the land; nor is it an estate; nor does the relation of landlord and tenant exist.

Such license operates as an excuse for the vendee's possession, and he can not be treated as a wrongdoer, until default; at least not without a demand of possession.

Under an executory contract of sale, authorizing the purchaser to enter into possession, and reserving to the vendor the right to re-enter on the non-payment of either installment of the purchase money, the vendor, upon a default, may re-enter and thereby revoke or countermand the license.

A mere license does not draw the title in question, within the statute in relation to the jurisdiction of justices of the peace.

ERROR to the late Clinton common pleas. Eddy sued Dolittle in a justice's court, in trespass, alledging that he was in possession of a sawmill, and that the defendant entered and forbid the plaintiff's sawyers working in the mill, by which he was turned out of the use of the mill. The defendant pleaded the general issue, and that the mill was contracted to be sold to one John McMartin by the defendant, with authority to the defendant to re-enter in case of default in making the payments; and that he entered for that cause. The plaintiff replied, denying the defendant's right of possession, under any contract. Judgment was given for the plaintiff, by the justice, and Dolittle appealed to the common pleas, where the plaintiff Eddy, again succeeded, and Dolittle brought a writ of error to this court. On the trial in the common pleas, a contract to convey the mill, given by Dolittle to one McMartin, was proved. The payments were to be made by installments, in lumber, delivered in the mill yard, and upon payment of the purchase money, according to the terms of the agreement, Dolittle was to execute a deed. The last clause of the contract ran thus : " and it is specially provided that in case the said John fails to make or fulfill any one installment, the said Lucus (the plaintiff) may re-enter and take possession at any time." The vendee took possession, and afterwards assigned the contract and delivered possession to Eddy. One of the installments not being paid, Dolittle demanded payment, upon which it was paid, all but be-

tween 20 and 30 dollars, which not being paid, Dolittle's agent entered the mill and forbid Eddy's men sawing therein; upon which they left it.   Various questions arose during the trial, and decisions were made, and exceptions taken, fairly presenting the points noticed in the opinion of the court.

*F. A. Hubbell & G. M. Beckwith*, for the plaintiff in error.

*C. F. Tabor & G. A. Simmons*, for the defendant in error.

*By the Court*, HAND, J.   The question to the witness Springer, "what was the damage accruing to Mr. Eddy by the mill lying still a fortnight?" was improper.   The witness, by well settled rules of evidence, could not be allowed to give his opinion in such a case.   He could only give the facts.   But as the witness, in his answer, only stated facts, error will not lie for that erroneous decision, because no harm was done by it.

Two questions arise on the merits of the case.   Had the defendant a right to enter and take possession?   And if he had, could he make this defense in a justice's court?

It is contended that the defendant could not enter and take possession, without a demand and a notice of such intention. That this is in the nature of a forfeiture, and after he had received a payment upon the installment after it was overdue, he must give reasonable notice of his intention to re-enter.   That at least the plaintiff was tenant at will, and being so, the tenancy must be determined in the mode prescribed by the statute. It is unnecessary here to inquire what would be the effect, in equity, on a bill for specific performance, of the breach of the contract, by non-payment.   In this case, the plaintiff sues in trespass; and he must maintain his action, if at all, upon his legal rights.   Unless the defense was inadmissible, so that the error was harmless, the court were clearly wrong in saying to the jury that the 2d installment was so nearly paid up, that the contract was substantially fulfilled.   A mere trifle might be disregarded as a mistake or waiver, under circumstances, but here was a clear deficiency remaining unpaid.   The vendee, and

Dolittle *v.* Eddy.

those holding under him, had no right to fulfill in part and then insist that the vendor should remit the rest. This is not a case of forfeiture of an estate, but a question of possession or occupancy, while the contract remains executory.

This brings us to the question, what estate, or interest, or right had the plaintiff? It is said in some of the cases, that a vendee entering into possession under a contract to purchase, or an agreement to lease, is a tenant at will. In others in this state, he is said to be *quasi* tenant at will. (*Jackson* v. *Miller*, 7 *Cowen*, 747. *Jackson* v. *Moncrief*, 5 *Wend.* 29. *Cooper* v. *Stower*, 9 *John.* 331. *Wright* v. *Moore*, 21 *Wend.* 230.) But it is clear that here the vendee may be sued in ejectment without notice to quit. Certainly after default in fulfilling the contract, and that without a clause of re-entry. (*Jackson* v. *Miller*, 7 *Cowen*, 751. *Jackson* v. *Moncrief*, 5 *Wend.* 29. 4 *Kent*, 723.) The English rule is different. (*Right* v. *Beard*, 13 *East*, 210. *Doe dem. Newby* v. *Jackson*, 1 *B. & C.* 448.) But there the vendee is considered a tenant at will. (1 *Saund. Rep.* 276, *n. a. Am. ed.* 1846, *and cases there cited. And see Roe* v. *Street*, 2 *A. & E.* 329. *Doe ex dem. Jones* v. *Jones*, 10 *B. & C.* 718. *Doe dem. Nicholl* v. *McKaeg*, *Id.* 721. *Hegan* v. *Johnson*, 2 *Taunt.* 148. *Comyn, L. & T.* 291.) In this case there is no express consent that the vendee may enter and occupy. And a mere executory contract to purchase land will not confer a right to enter. (*Erwin* v. *Olmsted*, 7 *Cowen*, 229. *Suffern* v. *Townsend*, 9 *John.* 35.) But perhaps this is implied from the last clause of the agreement. "And it is specially provided that in case the said John fails to make or fulfill any one of the installments the said Lucas may re-enter or take possession at any time." And the payments were to be made in lumber delivered at the mill yard. Admitting, then, that here was permission to enter and occupy, the nature of that permission or license is important; for if it amounts to an interest in the land, properly so considered, the defendant must fail. For that is considered title, for the purposes of jurisdiction; and the defendant not having taken the proper steps in pleading, he can not interpose his right or claim of title on the trial, (2 *R. S.* 237, § 62,) nor can he do this in the

common pleas, on an appeal. So it was decided under the former law ; and the rule seems reasonable. (*Dewey* v. *Bordwell,* 9 *Wend.* 65.) It is sometimes difficult to distinguish between an easement, a license, and a lease. A license is an authority or power given to a man to do a lawful act, without which, he could not do it, (*Co. Litt.* 52, *b,*) and is said to be personal, and can not be transferred, (2 *Lill. Ab.* 217, *citing* 12 *Hen.* 7, 25, 18 *Ed.* 414,) and is countermandable, unless there is a certain time. (*Poph.* 1, § 1.) Savage, C. J., in *Mumford* v. *Whitney,* (15 *Wend.* 380,) reviewed the authorities, and said, " A license is an authority to enter on the lands of another, and do a particular act or series of acts, without possessing any interest in the land. It is founded in personal confidence, is not assignable, and is valid though not in writing." And he adds : " A license to enter upon land does not purport to convey an interest in land ; it is substantially a promise without consideration." It differs from an easement, which is an interest in lands, and requires a writing within the statute of frauds. (*Fentiman* v. *Smith,* 4 *East,* 107. *Hewlins* v. *Shippam,* 5 *B. & C.* 229.) And is a service or convenience one hath on the land of another, without profit. (3 *Cruise,* 530. *Bayley, J. in Hewlins* v. *Shippam, supra.*) A lease is a contract for the possession and profits of lands and tenements on one side, and a recompense of rent or other compensation on the other. (4 *Cruise,* 15. 1 *Hill. Abr.* 130.) A mere license to occupy, use, or take the profits of land, is in the nature of a lease. This, however, seems to pass no estate. Though it is said a license to occupy for a certain time, is a lease. (15 *Viner,* 92. *Hobart, C. J. in Tisdale* v. *Essex, Hob.* 35, *and see* 3 *Kent.* 452.) It seems a beneficial license, to be exercised on land, may be given without writing. (*Tayler* v. *Waters,* 7 *Taunt.* 374. *Webb* v. *Paternoster, Palm.* 71. *Wood* v. *Lake, Say,* 3. *Leggins* v. *Inge,* 7 *Bing.* 682. *Cook* v. *Stearns,* 11 *Mass.* 533.) But in such case, it is perhaps a mere excuse. (*Prince* v. *Case,* 10 *Conn. Rep.* 375. *Kent* v. *Kent,* 18 *Pick.* 569.) And the English cases above cited in support of the rule to the extent they were carried, have been doubted. (1 *Sugd. on Vend.* 138. *But see*

Dolittle *v.* Eddy.

*Mumford* v. *Whitney*, 15 *Wend.* 380 ; *Whitmarsh* v. *Walker*, 1 *Metc.* 313 ; *Jackson* v. *Babcock*, 4 *John.* 418 ; *Thompson* v. *Gregory*, 4 *Id.* 81. *Jackson* v. *Buel*, 9 *Id.* 298.)

I think the result of the cases in this state is, that as to the possession, an executory contract for the purchase of land, giving· to the˙ purchaser a right to enter and possess until default in the payment of the purchase money, without any fixed period and without any compensation being made for the use, is but a license and not a lease. It is clear that it is not an easement within the definition of that term. It is not a permanent interest in the land, nor is it an estate. (3 *Kent*, 452.) The relation of landlord and tenant in no sense exists between vendor and vendee. ( *Watkins* v. *Holman*, 16 *Pet. Rep.* 54, *McLean, J.*) It wants an essential quality of a lease ; a stipulation for compensation to the owner. Though in England, as we have seen, one who enters under an agreement for a lease, or to purchase, is a tenant at will, unless he pays or agrees to pay rent or compensation for the use. (1 *Saund. Rep.* 276 *n. a. Am. ed.* 1846, *and cases there cited.* 2 *Smith's Leading Cases*, 76, *and cases there cited. And see Rex* v. *Collett, Russ. & R. C. C.* 498 ; *Doe* v. *Rock*, 1 *Carr. and Marshman*, 549.) But our courts, at least for the purposes of entry, have not so considered it ; and in several cases have denominated it a license. (*Suffern* v. *Townsend*, 9 *John.* 35. *Cooper* v. *Stower, Id.* 331. *Erwin* v. *Olmsted*, 7 *Cowen*, 229. *Mooers* v. *Wait*, 3 *Wend.* 104. *Wright* v. *Moore*, 21 *Id.* 230.) " Taken in its strict import, it is a mere license." (*Cowen, J. in Wright* v. *Moore, supra.*) Such license operates as an excuse for his possession, and he can not be treated as a wrongdoer until default, at least not without a demand of possession. A mere license does not draw the title in question, within the statute in relation to the jurisdiction of justices. (2 *R. S.* 226 § 4. *Wickham* v. *Seelye*, 18 *Wend.* 650. *Chandler* v. *Duane*, 10 *Id.* 563. *Ex parte Coburn*, 1 *Cowen*, 568.)

If the defendant can show a license, I think he may show a revocation of a license. Certainly if the defendant sets up a license, the plaintiff can show it countermanded, determined,

or revoked. And title is no more in question by one party showing this, than the other.

It was admitted that Eddy had no greater rights than Mc-Martin, the original vendee. And it follows, that Dolittle, under the circumstances of this case, could treat the license as countermanded. That gave him a right to re-enter. (*Hyatt v. Wood,* 4 *John.* 150.) Even a landlord has a right to re-enter upon a tenant at will, though he must determine the tenancy before he can bring ejectment. The plaintiff then had a mere license to occupy if he paid the purchase money. He did not pay, and the defendant entered, thereby revoking or countermanding the license. Title was not in question. It was simply a question of payment, and the license stood or fell with that question.

There must be a *venire de novo* in the Clinton county court.

Judgment reversed.

