CANDEE and DENNISON *vs.* HAYWOOD.

When unappropriated lands are resold by the state engineer and surveyor for
   the non-payment of the purchase price under § 4 of 1 *R. S. p.* 205, and the
   same are purchased in for the state under § 47, the former owner, if he in-
   tends to redeem, must avail himself of the privilege secured to him by § 48;
   and repurchase the same within three months thereafter.
He cannot redeem under § 3 of the act of 1836, (*Sess. Laws of* 1836, *p.* 699,)
   for the reason that the redemption provided for in that section applies only
   to the case of the resale therein mentioned; when the premises, instead of
   being purchased in for the state, are actually struck off to a third person.
The vendee in possession under the first certificate of sale may be *ejected* at
   the suit of the subsequent purchaser, without being first served with a
   notice to quit.
Nor does he hold adversely, as against the state, so as to avoid the patent
   granted to the subsequent purchaser. The statute (3 *R. S. p.* 30, § 167)
   does not apply to lands owned by the state.

THIS cause was tried before Justice ALLEN, as referee,
   upon an agreed statement of the facts, who reported in
favor of the plaintiffs. Judgment having been entered up,
on the report of the referee, the defendant appealed to this
court. The facts, so far as they are necessary to an under-
standing of the questions decided, are stated in the opinion
of the court.

*William H. Gifford,* for the appellants.

*H. Horton,* for the respondent.

*By the Court,* MORGAN, J. This is an appeal from a judg-
ment in favor of the plaintiff in an action of ejectment
brought to recover possession of lot 8, block 192 B, of lands
lying in the city of Syracuse. The defendant was in possession
as the tenant of Catherine Taylor, and she was the assignee
of a certificate of sale from the state engineer and surveyor
to Dudley P. Phelps and George Barnes, dated April 10, 1852.
There remaining due upon this certificate $168.75, with in-
terest for more than two years, the commissioners of the land
office, on the 2d day of June, 1860, directed the state engi-

neer and surveyor to resell the lands in question, under the provisions of the revised statutes. (1 *R. S.* 205, § 46.) It is provided in § 46 that in case of such sale all previous payments made on account of such land shall be forfeited to the people of this state. And by § 3, of the laws of 1836, page 699, the state engineer and surveyor is required to execute a certificate of such resale to the purchaser, specifying the terms of sale, the amount paid by the purchaser, and that the lands are subject to redemption pursuant to the provisions of the said act of 1836; and in case the premises shall be redeemed, as thereinafter provided, the sale shall be void and of no effect. Section 3 of the act of 1836 then provides that the original purchaser "may redeem the same within three months after such sale."

It is also provided by 1 *R. S* 205, § 47, that whenever the state engineer and surveyor shall sell any lot of land for the purchase moneys due thereon, and the sum due for principal and interest shall not be bid therefor, they shall purchase the same for the state at the amount so due, with the costs of sale. And by § 48 they may sell such lot, so purchased by them, for the state, "to any person who may apply to purchase the same, always giving a preference to the last owner, *provided he shall apply to purchase the same within three months after the sale*, for the amount at which the same was purchased for the state."

The lands in question were bid in by the state engineer and surveyor, for the state, no one having bid the sum due for principal and interest on the original certificate of sale. This was September 6, 1859. On the 1st day of February, 1860, the state engineer and surveyor sold the lands in question to Henry D. Dennison, one of the plaintiffs, for the sum of $215.35, that being the amount of the balance remaining unpaid after the original certificate. This was a cash sale, and a patent immediately issued to Dennison. He afterwards conveyed an undivided half to his co-plaintiff, *Obadiah W. Candee.*

Candee *v.* Haywood.

The original owner, on the 4th of April, 1860, *within three months from the sale to Dennison, but more than six months after the premises were bid in for the state,* attempted to redeem by purchasing back the premises under § 48 above quoted. This was refused on the part of the state; and thereupon a tender was made to the state of the amount paid by Dennison, with ten per cent interest thereon, and which tender has ever since been kept good. It is not stated in the evidence that any offer was made to redeem under §§ 3 and 4 of the act of 1836 above mentioned; but as no question is made by the plaintiff in respect to the form of the offer to redeem, it may be assumed that the original owners did all that was necessary to redeem, except that their application to redeem was not in time. Assuming the resale to have been regular, I think the original owners did not comply with the statute, so as to entitle them to a redemption.

The original owner could not redeem under the act of 1836, for there was no resale as contemplated by that act. The resale therein mentioned is where the premises are actually struck off to a third person; in which case a certificate is granted containing the terms of sale; to become void if the original purchaser, his heirs or assigns, redeem the same within three months after such resale.

Prior to this act, if the premises were resold to a third person and not bid in for the benefit of the state, there was no redemption allowed to the original purchaser of the land. When the premises are bid in for the state, there is no benefit to be derived from the act of 1836. The original purchaser was already provided for by § 48 of the revised statutes, and that is all the benefit secured to him in this case.

The original owner had a preference, *provided he applied to purchase* the premises within three months after the sale. This sale obviously means when the premises have been purchased in for the state. (1 *R. S.* 205, §§ 47, 8.) As these three months had expired before application was made to redeem,

I think the defense is not sustained upon the idea of a redemption; unless there has been such an irregularity in the proceedings of the state officers as to injure and mislead the parties interested in the redemption. It is claimed by the counsel of the defendant that the defendant was entitled to notice to quit. If the case was between individuals, no notice would be necessary; but on default of payment of any installment by the vendee in possession, the vendor could maintain ejectment, without notice, to recover back the premises. (21 *Wend.* 230. 7 *Barb.* 74. 20 *id.* 509.)

The statute has not provided for giving notice to the vendee in this case; and it is enough to authorize a resale, that the vendee is in default for one year on his payment. He knows, or should know without actual notice, that the commissioners of the land office may proceed immediately afterwards to forfeit his rights under the certificate of sale. By 1 *R. S.* 206, § 53, the commissioners are required to give the occupant notice to remove from the premises; and in case of his refusal, the district attorney may be required to proceed by complaint before the county judge and obtain an order to remove him. (§ 53.) Although this notice may be of service to the occupant, to remind him that he is in default, it was not intended for his benefit; nor can he complain that he has not been proceeded against under these provisions, instead of being prosecuted in the action of ejectment.

Doubtless the state officers must proceed to a regular sale of the premises, before the original owner can be turned out of possession by ejectment, when he offers to redeem. The proceedings here seem to have been regular in all essential particulars, so far as the original owners have any interest in the questions raised, and I think the defendant comes too late with his offer to repurchase or to redeem the premises.

The objection that the defendant was in the adverse possession, and therefore the patent to Dennison was void by the statute, (3 *R. S.* 30, § 167,) does not seem to be well found-

ed. That statute does not apply to lands owned by the state. (4 *Kent's Com.* 485. *Jackson* v. *Gumaer*, 2 *Cowen*, 552.)

Judgment affirmed.

[ONONDAGA GENERAL TERM, October 1, 1861. *Bacon, Allen, Mullin* and *Morgan*, Justices.]