47b 163
9ap 24

Amos C. Hotaling *vs.* Thomas C. Hotaling.

Where the purchaser of land has made default in the payment of money, under an executory contract, no notice to quit, nor any demand of the amount due, or of the possession, or tender of a deed, is necessary, on the part of the vendor, before bringing an action of ejectment.

By a parol contract between the parties, certain premises were sold by the plaintiff to the defendant, for $55, a portion of which sum ($20) was paid at the time of the sale, without any agreement as to the time when the remainder should be paid. *Held* that the legal effect of the contract was to make the balance payable whenever the purchaser should take possession of the premises.

And the purchaser having entered into possession without paying such balance; *held* that he was in default from that time. And that the fact of his having remained in possession for a number of years, so long as his occupancy had not ripened into an adverse possession, would not excuse the default, or change the principle.

*Held, also,* that under these circumstances, a demand of the money, and tender of a deed, by the plaintiff, was unnecessary; and that, the defendant being

in default, the plaintiff could on that ground maintain an action to recover the possession of the premises. HOGEBOOM, J. dissented.

Assuming that a demand is necessary in such a case, yet where it is clear that the defendant has failed to perform the contract, on his part, if he be excused from performance by reason of the vendor having demanded too much, the judgment should be that the plaintiff give a deed upon the payment of the proper amount.

And although the vendor has demanded too much, yet if no objection was urged by the purchaser, on that ground, nor any tender made by him of the sum he admitted to be due, the judgment, in an action of ejectment by the vendor, should be based upon the equitable rights of the parties, and should not direct the dismissal of the complaint.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover the possession of certain lands in Greene county. The complaint contains two counts. The first is the usual count in ejectment. The second count alleges that in May, 1844, the plaintiff and defendant entered into a parol agreement for the purchase of a lot of land by the defendant, of the plaintiff, containing one acre, more or less, for the sum of $55, to be paid within a reasonable time thereafter, with interest; the defendant to have immediate possession of the premises; and the plaintiff was to execute and deliver the deed when the money, and interest thereon, should be paid. That the defendant entered into possession under said agreement. That the plaintiff had performed the agreement, on his part, but the defendant had not paid the purchase price of the land and the interest thereon, and he had neglected and refused to perform the contract on his part, and was in possession of the premises, and unlawfully withheld the same from the plaintiff.

The defendant, by his answer, denied the complaint; set up the twenty years' statute of limitations; and alleged that the plaintiff sold the lot to the defendant for $50, instead of $55, and was immediately to execute and deliver to him a good and sufficient warranty deed therefor. That the defendant went into immediate possession of the premises; and that by the contract the defendant had the right to pay

the purchase money at his convenience, and in such amounts, and at such times, either in money, labor or trade, as would best accommodate the defendant. That afterwards the defendant did, at different times, pay to the plaintiff the full amount of the purchase price; and that afterwards the plaintiff again agreed to execute and deliver said deed, but had since neglected and refused so to do, although the defendant demanded such deed, and tendered full performance on his part, and made valuable improvements on the premises. The defendant demanded judgment for affirmative relief that he be adjudged the owner of the premises; and that the plaintiff be decreed to execute and deliver the deed and pay the costs.

The action was referred to John B. Bronk, Esq. as sole referee, to hear and determine the same, who, after hearing the cause, made his report, by which he found the following facts, viz:

1st. That in the month of May, 1844, the plaintiff was in the lawful possession of, and had a legal title to, the premises mentioned and described in the complaint.

2d. That on or about the 1st day of June, 1844, the plaintiff sold said premises to the defendant for the sum of $55, who paid him at the same time thereon the sum of $20, and took possession of the premises, which he has ever since held.

3d. That there was no written agreement between the parties in relation to the sale of the premises.

4th. That at the time of the verbal sale it was understood between the parties, that when the defendant paid the balance of the purchase money, the plaintiff was to give him a deed.

5th. That in the year 1849 the plaintiff sowed with oats, and on shares, about two and a half acres of the defendant's land; that the average yield of the oats per acre, was forty bushels, and worth thirty-eight cents per bushel, in all worth the sum of $38; and that the defendant's half thereof was, or should have been, applied in pursuance of an agreement

between the parties to that effect, which the referee found was satisfactorily established by the evidence in the case, to the payment of the purchase moneys of the said premises.

6th. That previous to the year 1850 the defendant paid to the plaintiff the further sum of $15 towards said purchase money.

7th. That on the 24th day of May, 1864, the plaintiff tendered to the defendant a deed of said premises, and at the same time demanded of him, as a condition, the sum of $82.70, which he claimed was the amount, principal and interest, which the defendant then owed him on the purchase of said premises.

8th. That at the time the said deed was tendered and demand made, there was only due from the defendant to the plaintiff, for principal and interest, as aforesaid, the sum of $28.

As conclusions of law, the referee found: 1. That the plaintiff, by demanding of and from the defendant, at the time of said tender and demand, a sum exceeding the amount then due him, was precluded from any recovery in this action.

2d. That the plaintiff was not entitled to the judgment of relief prayed for by him in his complaint; and he therefore decided that the complaint be dismissed, with costs of suit.

Upon the trial, the referee excluded evidence, offered by the plaintiff, tending to show that certain moneys paid by the defendant to the plaintiff, and which the defendant had testified were, by *agreement*, to be applied upon this contract, were *in fact* applied by the plaintiff upon general account, and not upon this contract. The plaintiff excepted to the ruling.

The plaintiff excepted to the report of the referee, and appealed from the judgment entered thereon.

*D. K. Olney*, for the appellant.

*R. W. Peckham, Jr.* for the respondent.

MILLER, J.  The authorities hold, beyond any question, that when the purchaser of land has made default in the payment of money, under an executory contract, no notice to quit is necessary, nor any demand of the amount due, or of the possession, or tender of a deed, before bringing an action of ejectment.  (*Wright* v. *Moore,* 21 *Wend.* 230.  *Dolittle* v. *Eddy,* 7 *Barb.* 74.  *Candee* v. *Haywood,* 34 *id.* 352.)

The main question in the present case is, whether the defendant was in default in making the payments upon the contract under which he claimed to hold the premises, to recover the possession of which this action was brought.

I have arrived at the conclusion that the defendant was in default, and hence the action was properly brought, and was maintainable, and the referee erred in dismissing the complaint.  By the contract between the parties, the premises were sold for a given sum, a portion of which was paid on the sale, without any agreement as to when the defendant should pay the remainder.  The deed was not to be given until the balance was paid.  Under such circumstances, I think the legal effect of the contract was to make the balance payable whenever the defendant took possession of the premises.  In the absence of any stipulation to the contrary, it certainly would become due when the defendant took possession, and had the benefit of the property.  It being then due, any delay was for the defendant's advantage, and from that time it appears to me that he was in default.  Being thus in the wrong, the fact that he remained in possession for a number of years, without tendering the plaintiff the money and demanding a deed, does not exonerate him from his default, or help his case.  If it had been for a lesser period — say for one year — it would not aid him, for the reason that it does not excuse the default, or change the principle applicable to such a case.  The great length of time which he occupied and remained in possession, so long as it did not ripen into an adverse possession, can not, it seems to me,

excuse the default for not paying the balance remaining due upon the contract.

If I am correct in these views, then the demand of the money, and the tender of the deed, by the plaintiff, was unnecessary and of no sort of consequence. And as the defendant was in default, the plaintiff could maintain the action, for that reason.

Assuming, however, that a demand was essential, under the facts existing, still I think that the judgment of the referee was erroneous. The whole matter was before him; the complaint setting forth the agreement under which the defendant claimed to hold the premises, and the defendant claiming, in his answer, equitable relief. It was clear that the defendant had not performed the contract, on his part, and if excused from performance by reason of the plaintiff having demanded too much, the referee could have relieved him by a judgment that a deed be given, upon the payment of the proper amount.

It may also be observed that if the plaintiff demanded too much, no objection was made to the demand, by the defendant, on that ground. Nor did the defendant tender what he claimed was due, as he might have done, and as he was bound to do before he was entitled to a deed. The circumstances to which I have adverted should have been considered by the referee, I think, even if a demand was essential; and his judgment should have been based at least upon the equitable rights of the parties, and should not have been a dismissal of the complaint.

The referee having erred, the judgment must be reversed, and a new trial granted, with costs to abide the event.

INGALLS, J. concurred.

HOGEBOOM, J. (dissenting.) This case, on examination, does not appear so plain for the defendant as it did on the

argument, although I still think the judgment was right, and according to law.

The reported cases hold, in stronger terms than I had supposed, that not only is no notice to quit necessary, before maintaining ejectment for non-performance of an executory contract for the purchase of lands, but that where the purchaser has clearly made default in the stipulated payments of the purchase money, no demand of the amount due, or of possession, or tender of a deed, is necessary before bringing ejectment. (*Jackson* v. *Miller*, 7 *Cowen*, 747. *Whiteside* v. *Jackson*, 1 *Wend.* 418. *Jackson* v. *Shipley*, 5 *id.* 26. *Wright* v. *Moore*, 21 *id.* 230. *Doolittle* v. *Eddy*, 7 *Barb.* 74. *Stone* v. *Sprague*, 20 *id.* 509. *Powers* v. *Ingraham*, 3 *id.* 576. *Candee* v. *Haywood*, 34 *id.* 352.) I cannot but regard this as unjust, and an exception to the general rule, that where a party goes into possession of property with the consent of the owner, he can not be sued to recover its possession without a specific and distinct demand terminating the lawfulness of his possession.

In the present case, no time for the payment of the purchase money was agreed upon. It is impossible to tell, precisely, what the parties intended in regard to it; although it is evident immediate payment was not expected. It was probably designed to be left very much to the convenience of the defendant, though the evidence is not sufficient to incorporate such a clause in the contract; and the referee has found nothing in regard to it. But as the defendant went into possession of the premises, it may be that the law would infer a present obligation to pay the price.

Be this as it may, it would not, I think, justify a dispossession of the defendant, without a demand of the price, or of the possession. A demand was, I think, necessary, to put the defendant in the wrong. His possession had continued, without interruption or objection on the part of the plaintiff, for nearly twenty years. The plaintiff ought not to be permitted to eject him without at least so much notice as would

be implied from a demand of possession, or more properly, a demand of the sum remaining due on the contract.

And this demand, if necessary to be made, should be made in the right form, and of the right amount. Possibly a demand in a general form, as of the sum remaining due on the contract, without specifying its amount, would have answered; though on that point I express no positive opinion. But the plaintiff chose to make it specific; perhaps he was bound to do so. Making it in that shape, he was bound, I think, to demand the true and not an excessive amount; especially as he made the delivery of the deed conditional upon its payment. The amount thus demanded was excessive—more, by $50, than the defendant was bound to pay. And he could not get his deed without making this payment. The plaintiff was therefore clearly in the wrong in making the demand and imposing the condition he did, and the defendant was justified in refusing compliance. Ought a justifiable refusal to comply with an illegal demand to subject the defendant to an action of ejectment?

It is said that he should have tendered the true amount due, and that when the demand was made upon him, instead of preserving silence, he should have offered to make up the deficiency of the purchase money. This would be true, if he was the actor and seeking affirmative relief; but as he has chosen simply to occupy the position of resisting an unjust claim, and an attempted illegal dispossession, it was sufficient, I am inclined to think, to stand upon his rights and to refuse submission to an exorbitant and unfounded claim. The plaintiff in an action of ejectment must recover upon the strength of his own title, and upon the unjustifiableness of the defendant's possession, or the withholding of the same, and should, I think, place himself in both respects upon impregnable ground, before he is permitted to oust a party of a peaceable possession maintained for nearly twenty years.

It is said that the defendant claimed affirmative relief in his answer, and therefore that the action should have been

decided as an equitable one, and the defendant adjudged to be entitled to his deed, on terms ; and as both parties had been in the wrong, that an equitable disposition of the costs should have been made. But the defendant has not chosen to insist on his title to equitable relief, and we must assume that he abandoned the claim thereto, at the trial, or has chosen to rest satisfied, since, with the judgment actually given. If he is satisfied to have the case thus disposed of, I do not know that the plaintiff can complain.

It is said the plaintiff is now remediless, and can neither sue for the deficient purchase money, nor reclaim his land. I do not regard this action as a bar. It is simply in the nature of a nonsuit. Moreover, it was decided expressly upon the ground of an extravagant demand, and not upon the ground that the plaintiff would not have been entitled to relief, if his demand had been of the true amount due. These facts can always be proved, and leave the matter open for a new action.

I think the offered testimony was properly rejected. The defendant had made certain payments apparently applicable upon the contract. This application, sworn by the defendant to have been *agreed* by the parties to be made, could not be resisted, or prevented by an arbitrary act of the plaintiff in applying the amount elsewhere, and upon general account. The offer should have gone further, and shown an *agreement* of the parties to apply the money in the mode insisted on by the plaintiff.

On the whole, though the case is not entirely free from difficulty, I am in favor of affirming the judgment of the referee.

New trial granted.

[ALBANY GENERAL TERM, March 5, 1866. *Miller, Ingalls* and *Hogeboom*, Justices.]