MARY M. RISLEY, PLAINTIFF, v. ELI RICE AND STEPHEN FULLER, DEFENDANTS.

40  585
9ap 24
40h  585
d 38 Mis² 637

*Ejectment — right of the holder of the legal title to maintain it, as against one claiming under a contract of sale made by a prior owner.*

On November 12, 1867, one Pierpont became the owner of certain premises, which he thereafter, and on August 31, 1880, conveyed to one Fuller. On June 30, 1884, the premises were conveyed to one Risley by a sheriff's deed, pursuant to a sale under an execution issued upon a judgment recovered against Fuller. In this action of ejectment, brought by Risley, it appeared that, prior to the conveyance by Pierpont to Fuller, Pierpont had entered into a written agreement for the sale of the premises to Sarah A. Mitchell for $108.41, by which he agreed to convey the premises to her upon payment of that amount, or on her securing the payment thereof by her bond and a mortgage upon the premises. The contract did not give to the vendee any right to possession; nor was it shown that any of the purchase-money had been paid, or that any offer of performance had been made on the part of the vendee. Sarah A. Mitchell, after entering into this contract, executed a mortgage upon the premises to one Collins. The defendants in this action were in possession, claiming under a decree of foreclosure of this mortgage.

*Held*, that a verdict was properly directed in favor of Risley, the plaintiff, as the evidence showed the legal title and the right of possession to be in her.

That the plaintiff was not required to show that she had, prior to the commencement of the action, demanded that the contract be performed and tendered a conveyance of the premises.

MOTION by the defendants for a new trial on exceptions, taken at Ontario Circuit and ordered to be heard at General Term in the first instance.

*E. W. Gardner*, for the plaintiff.

*Henry M. Field*, for the defendants.

BRADLEY, J.:

The action is ejectment. One Pierpont became the owner of the premises in question on the 12th day of November, 1867, and conveyed them to Stephen Fuller on 31st of August, 1880. They were conveyed to the plaintiff June 30, 1884, by the deed of the sheriff of Ontario county, pursuant to a sale upon execution issued upon a judgment against Fuller. This apparently vested title in the plaintiff. At the time of the commencement of this action the.

defendant Fuller was in the possession of the premises as the tenant of the defendant Rice. The latter claims title and the right of possession founded upon the facts that on the 12th day of November, 1867, Pierpont made, with Sarah A. Mitchell, a contract to sell to her the land for $108.41, and to convey it to her on payment, by her, of that sum, or on securing the payment of it by her bond, secured by mortgage, on the premises; that she gave to one Collins a mortgage on them April 13, 1877, to secure the payment of $221.90; that the premises were sold pursuant to decree of foreclosure of such mortgage and conveyed by the referee, making it to one Shettler September 4, 1880, and deed was made by Shettler to the defendant Rice September 14, 1880. Upon this state of facts it appears that the legal title was in the plaintiff, and she was entitled to the possession unless the defendants had some right derived from or under the contract to Mitchell to support their defense. The contract did not, by its terms, give the vendee any right to the possession, and before the commencement of this action the defendants refused, on demand, to surrender the possession to the plaintiff. A verdict was directed and, we think, properly for the plaintiff by the trial court.

The right to the possession of the premises depended upon some legal estate in the land. The legal title was in the plaintiff. And assuming that the defendant Rice had all the right afforded by the Mitchell contract when it was made, that furnished no legal estate whatever in the premises. And if she went into possession under it her possession was by license merely, and no greater right was in those holding under her. (*Ives* v. *Ives*, 13 Johns., 235; *Erwin* v. *Olmsted*, 7 Cow., 229; *Jackson* v. *Moncrief*, 5 Wend., 26; *Wright* v. *Moore*, 21 id., 230; *Dolittle* v. *Eddy*, 7 Barb., 74; *Hotaling* v. *Hotaling*, 47 id., 163; *Pierce* v. *Tuttle*, 53 id., 155.)

The vendee, by a contract of purchase, takes the equitable title to the contracted premises, and his remedy is in equity. If in possession under such contract he may support his right under it and defeat a recovery by setting up his equitable defense if he has one, and by offer of performance of the contract and the demand of the conveyance if the situation permit. It does not appear that any of the purchase-money of the Mitchell contract has been paid, and no offer was made or alleged by the answer and

proved to have been made of performance. And no equitable defense, founded upon proposed performance, is alleged or proved.

The case, therefore, stands upon the legal rights of the parties as distinguished from their equities. But it is contended, on the part of the defense, that the plaintiff could not maintain her action without first having demanded performance and tendered a deed of conveyance, and that the right of action was dependent upon refusal on such demand and tender of the defendant Rice to perform.

It is true that the stipulations of the parties in the contract are concurrent, and that neither could require performance of the other without readiness and offer to perform. The vendor in the contract or his assignee and grantee could not maintain an action to recover the purchase-money, nor for specific performance, without the tender of a deed of conveyance and demand of performance. And such is the nature and doctrine of the cases cited by counsel. (*Van Campen* v. *Knight*, 63 Barb., 205; *Leaird* v. *Smith*, 44 N.Y., 619.) This action is not founded upon the contract, nor is performance in any respect the subject of relief in view by it, but it rests upon the legal title and the right to the possession of the premises. The executory contract of sale as such affords no right to the possession to any person holding under it as against the legal title. (*Wright* v. *Moore*, 21 Wend., 230.)

There is no evidence tending to prove any defense to the action. And the evidence offered by the defendant and rejected was of no value and immaterial. Such evidence, if received, would not tend in any degree to prove that the deed to Fuller did not convey the legal title, or that the plaintiff did not take it by the deed to her.

The motion for a new trial should be denied, and judgment ordered on the verdict.

SMITH, P. J., and HAIGHT, J., concurred.

Motion for new trial denied and judgment ordered for the plaintiff on the verdict.