MATHEWS *v.* MATHEWS *et ux.*

*(Supreme Court, General Term, Third Department.　July 2, 1888.)*

1. JUDGMENT—EFFECT—RES ADJUDICATA.

A judgment in a suit by a landlord against his tenants for possession, which found that the contract constituted a tenancy from year to year, and that the tenants were not holding after the expiration of the first year, does not bar another suit, brought for the same purpose, after the expiration of the year.

2. LANDLORD AND TENANT—WHAT CONSTITUTES RELATION—ACTION FOR POSSESSION.

An oral agreement by the owner of real estate to devise the same to defendants if they would live on it with him, and provide for him during his life, does not create the relation of landlord and tenant so as to entitle the owner to maintain the statutory action for possession.

Appeal from Clinton county court.

Special proceeding by Horace Mathews against Henry D. Mathews and Helen P., his wife, to recover possession of certain premises claimed to have

---

[1] As to what constitutes contempt of court, see *Gage v. Denbow,* 1 N. Y. Supp. 826, and cases cited in note.

been leased. Plaintiff had judgment, and defendants appeal. Plaintiff's petition alleged that he leased the premises to the defendants from November 24, 1886, to May, 1887, or for such shorter time as he might elect; that they took and still retain possession; that on the 22d of June, 1887, the tenants being in possession by his sufferance, he served notice upon them to quit the same at the expiration of one month thereafter; that they refused, and on the 13th of October, 1887, he served notice upon them to quit the premises December 25, 1887. Defendants answered, admitting their occupation of the premises, and the service of the two notices, and denying every other allegation. They also alleged that plaintiff agreed, before they entered in possession, and as the inducement and consideration of their doing so, to convey the premises to said Helen Mathews upon the following conditions: Defendants to move upon and take and hold possession of the premises for the life-time of plaintiff, he to make his home there with them, and they to take care of and clothe him; that thus far they have performed, and are ready to continue and complete performance, on their part. They also answered that, in a like proceeding before the same judge, the petitioner, on July 28, 1887, presented a petition alleging the same facts as in this, except the fact of the second notice to quit, and the defendants made the same answer as above set forth, and that a trial was had, and the county judge made a final order denying the prayer of the petitioner, with costs. Upon the trial in this proceeding, the former adjudication was proved and found. The county judge also found the agreement as set out in the answer. The county judge further found that the inducement held out to the appellants by the respondent that he would some time will them the property was indefinite in time and character, and was evidently made on so many conditions of continued friendship that it had no effect in inducing them to make and enter upon the verbal agreement. The county judge held that a tenancy from year to year was created by the agreement, which, being verbal, was good for only one year.

Argued before LEARNED, P. J., and INGALLS and LANDON, JJ.

*F. A. Rowe,* for appellants. *A. W. Boynton,* for respondent.

LANDON, J. The record of the former adjudication does not show, nor is it proved *aliunde,* that any other issue was determined than that the appellants were not, when that proceeding was commenced, holding the possession of the premises after the expiration of their term as tenants. To that extent only is the record a conclusive bar in this proceeding. The petitioner, therefore, was at liberty to show, in this proceeding, that the conventional relation of landlord and tenant had existed between the parties, and that the appellants, when this proceeding was commenced, were holding over after the expiration of their term of tenancy.

But we think the findings of the county judge, as well as the evidence, show that the conventional relation of landlord and tenant did not exist between the parties. This conventional relation means the relation created by the convention or agreement of the parties. *Benjamin* v. *Benjamin,* 5 N. Y. 383. The cases are numerous in which this summary remedy has been refused because the contract or circumstances under which the owner of premises permitted another to take possession of them contemplated some condition or consideration apart from rent, or a tenancy at the mere sufferance or will of the owner. *Dolittle* v. *Eddy,* 7 Barb. 74; *People* v. *Annis,* 45 Barb. 304; *Haywood* v. *Miller,* 3 Hill, 90; *Russell* v. *Russell,* 32 How. 400; *Williams* v. *Bigelow,* 11 How. 83; *Sims* v. *Humphrey,* 4 Denio, 185. Here the petitioner wanted the appellants to come and occupy his house and premises, and allow him to board and live with them. He was getting old and had no kinsfolk about him, and he solicited his nephew and wife, these appellants, to leave their home in St. Lawrence county, and come and allow him to live and board with them upon these premises in Clinton county. In addition to other

privileges extended, he held out to them the inducement that he would at some time will to them the premises. He promised that, at some future day after they had taken possession, he would execute the necessary papers. The appellants accepted his proposition, acted upon it, and boarded him from December until the next summer, when he left them, without fault shown on their part, and, so far as he was able, he attempted to withdraw from his agreement. Whatever else may be said of such an agreement, it is plain that it is not one of leasing premises. It is rather one to provide the petitioner with board and the comforts of a home with his kindred. No such thing as rent was spoken of, nor was it within the intention of the parties. The tenure of these appellants, so far as it was defined at all, seemed to be one which would by and by ripen into a fee.

It is true that the county judge holds that the inducement held out by the petitioner that he would some time will them the property had no effect in inducing them to come. The learned county judge has here lapsed, through an inadvertence unusual with him, into a repugnancy in terms. The inducement is found; it is clearly established by the evidence. It is obvious that it was regarded as one of the most important benefits to be secured by the agreement. It cannot be nullified by the finding that the inducement, which was acted upon, did not induce. It is not needful that we should undertake to define the precise rights and duties of the parties. The remedy here sought is given by statute for the special case of landlord and tenant. The petitioner has mistaken his remedy, if he has any.

The order should be reversed, with costs, as in a special proceeding. The Code, § 2263, provides that, upon reversal, the court may award restitution; also that the party dispossessed may maintain an action for damages. We think, under the circumstances, we ought to leave the appellants to their action for damages.

LEARNED, P. J., and INGALLS, J., concur.