I concur in the result reached by my brother LANDON in both appeals.

Order affirmed, with costs.

---

IN THE MATTER OF THE APPLICATION OF HORACE MATTHEWS, LANDLORD, RESPONDENT, *v.* HENRY MATTHEWS AND HELEN MATTHEWS, TENANTS, APPELLANTS.

*Summary proceedings — only maintainable where the relation is strictly that of landlord and tenant.*

Summary proceedings cannot be instituted unless the conventional relation of landlord and tenant exists between the parties; and such relation does not exist where the owner of the premises permits another to take possession of them under some consideration or condition apart from rent, or a tenancy at the mere sufferance or will of the owner.

Such proceedings are not maintainable where it appears that the owner requested the tenants to come and occupy his house and premises and allow him to board and live with them as he was getting old and had no kinsfolk about him; that such tenants were his nephew and the wife of his nephew, who were induced to leave their home in another county and allow the owner of the premises to board with them upon his premises, he holding out to them, among other inducements, a promise that he would at some time will the premises to them.

APPEAL from a final order made by the Clinton county judge in summary proceedings for the recovery of the possession of certain premises alleged to have been leased by the respondent to the appellants.

The petition of the respondent alleged that he leased the premises to the appellants from November 24, 1886, to May, 1887, or for such shorter time as the respondent might elect; that they took and still retain possession; that on the 22d of June, 1887, the tenants being in possession by his sufferance, he served notice upon them to quit the same at the expiration of one month thereafter; that they refused, and on the 13th of October, 1887, he served notice upon them to quit the premises December 25, 1887. The appellants answered, admitting their occupation of the premises and the service of the two notices, and denying every other allegation. They also alleged

that the respondent agreed, before they entered in possession, and as the inducement and consideration of their doing so, to convey the premises to said Helen Matthews upon the following conditions : The appellants to move upon and take and hold possession of the premises for the lifetime of the respondent, he to make his home there with them, and they to take care of and clothe him ; that thus far they have performed and are ready to continue and complete performance on their part. They also answered that in a like proceeding before the same judge, the petitioner on July 28, 1887, presented a petition alleging the same facts as in this, except the fact of the second notice to quit, and the respondents made the same answer as above set forth, and that a trial was had and the county judge made a final order denying the prayer of the petitioner, with costs.

Upon the trial in this proceeding, the former adjudication was proved and found. The county judge also found that the petitioner, on the 24th day of November, 1887, made a verbal agreement with Henry and Helen Matthews, that he would permit them to enter and occupy the premises, of which the petitioner was the owner, and enjoy certain privileges with respect to other lands of the petitioner, in consideration of their agreement then made to board the petitioner ; that no definite time was agreed upon when such agreement should cease ; that the petitioner held out, as an inducement to the appellants, that he would, at some time, will them the premises ; that it was agreed that papers should be subsequently made between the parties embodying the agreement ; that the appellants entered under such agreement and began to board the petitioner, and continued to do so until he left in the summer of 1887 ; that no writing was ever made. The county judge further found that the inducement held out to the appellants by the respondent that he would, sometime, will them the property, was indefinite in time and character, and was evidently made on so many conditions of continued friendship that it had no effect in inducing them to make and enter upon the verbal agreement.

It appeared, from the evidence, that Henry Matthews is the nephew of the respondent, who has no children. The county judge held that a tenancy from year to year was created by the agreement, which, being verbal, was good for only one year.

*F. A. Rowe,* for the appellants.

*A. W. Boynton,* for the respondent.

LANDON, J. :

The record of the former adjudication does not show, nor is it proved *aliunde,* that any other issue was determined than that the appellants were not, when that proceeding was commenced, holding the possession of the premises after the expiration of their term as tenants. To that extent only is the record a conclusive bar in this proceeding.

The petitioner, therefore, was at liberty to show in this proceeding that the conventional relation of landlord and tenant had existed between the parties, and that the appellants, when this proceeding was commenced, were holding over after the expiration of their term of tenancy. But we think the findings of the county judge, as well as the evidence, show that the conventional relation of landlord and tenant did not exist between the parties. This conventional relation means the relation created by the convention or agreement of the parties. (*Benjamin* v. *Benjamin,* 5 N. Y., 383.) The cases are numerous in which this summary remedy has been refused because the contract or circumstances under which the owner of premises permitted another to take possession of them, contemplated some condition or consideration apart from rent, or a tenancy at the mere sufferance or will of the owner. (*Doolittle* v. *Eddy,* 7 Barb., 74; *People ex rel. Hubbard* v. *Annis,* 45 id., 304; *Haywood* v. *Miller,* 3 Hill, 90; *Russell* v. *Russell,* 32 How., 400; *Williams* v. *Bigelow,* 11 id., 83; *Sims* v. *Humphrey,* 4 Denio, 185.) Here the petitioner wanted the appellants to come and occupy his house and premises and allow him to board and live with them. He was getting old and had no kinsfolk about him, and he solicited his nephew and wife, these appellants, to leave their home in St. Lawrence county and come and allow him to live and board with them upon these premises in Clinton county. In addition to other privileges extended, he held out to them the inducement that he would, at some time, will to them the premises. He promised that, at some future day after they had taken possession, he would execute the necessary papers. The appellants accepted his proposition, acted upon it, and boarded him from December until the next summer, when he left them, without fault shown on their part, and, so far as he was able, he attempted to withdraw from his agreement. Whatever else may

be said of such an agreement, it is plain that it is not one of leasing premises. It is rather one to provide the petitioner with board and the comforts of a home with his kindred. No such thing as rent was spoken of, nor was it within the intention of the parties. The tenure of these appellants, so far as it was defined at all, seemed to be one which would, bye and bye, ripen into a fee.

It is true that the county judge holds that the inducement held out by the petitioner that he would some time will them the property had no effect in inducing them to come. The learned county judge has here lapsed, through an inadvertence unusual with him, into a repugnancy in terms. The inducement is found; it is clearly established by the evidence; it is obvious that it was regarded as one of the most important benefits to be secured by the agreement; it cannot be nullified by the finding that the inducement which was acted upon did not induce. It is not needful that we should undertake to define the precise rights and duties of the parties. The remedy here sought is given by statute for the special case of landlord and tenant. The petitioner has mistaken his remedy, if he has any.

The order should be reversed, with costs as in a special proceeding. The Code (§ 2263) provides that upon reversal the court may award restitution; also that the party dispossessed may maintain an action for damages. We think, under the circumstances, we ought to leave the appellants to their action for damages.

Learned, P. J., Ingalls, J., concurred.

Order reversed, with costs as in special proceedings.